## WILLIAM BRIGHAM *vs.* JOSHUA A. FOSTER.

A party to a suit, in which the employment of senior counsel is necessary, is liable for the reasonable value of the services of a counsellor at law who acts as senior counsel at the trial, in his presence, in consultation with him, and without objection from him, under a retainer for that purpose by the attorney of record, although there was a secret agreement between him and the attorney of record that such services should be paid for by the latter.

CONTRACT brought by a counsellor at law to recover for professional services rendered as senior counsel in the trial of a cause in which the defendant was a party.

At the trial in the superior court, before *Lord*, J., there was evidence tending to show that the plaintiff was retained in behalf of the defendant by George D. Porter, the defendant's attorney of record in the suit, who had charge of the preparation of the case for trial. No question was made of the propriety or necessity of senior counsel, or as to the amount which the plaintiff was entitled to recover, if anything. The defendant offered, however, to prove that he made a special agreement with Porter, that, if senior counsel should become necessary, the latter should retain and pay such counsel, and that the defendant should be at no expense in relation thereto. The judge ruled that if Porter, in behalf of the defendant, retained the plaintiff, and the plaintiff appeared at the trial and conducted the same as senior counsel in the presence of and in consultation with the defendant, the plaintiff would be entitled to recover, unless he either had personal knowledge of such agreement between the defendant and Porter, or of such facts as would reasonably put him on inquiry as to the authority of Porter to retain him in behalf of the defendant; and the question whether the plaintiff had such notice was submitted to the jury, who found that he had not, and returned a verdict in his favor.

The defendant alleged exceptions.

*J. Q. A. Griffin*, for the defendant, cited *Swinfen* v. *Swinfen*, 1 C. B. (N. S.) 400 ; *Briggs* v. *Georgia*, 10 Verm. 68.

*W. Brigham, pro se*, cited *Buckland* v. *Conway*, 16 Mass. 396 ; *Filmer* v. *Delber*, 3 Taunt. 486 ; *Lewis* v. *Sumner*, 13 Met. 269.

DEWEY, J. The mere fact that the plaintiff rendered professional services in favor of the defendant on the trial of a cause in which the latter was a party would not alone be sufficient to establish a legal claim for compensation therefor. Nor are we prepared to say that a retainer by the attorney of record in the suit would of itself bind the defendant to pay the fees of counsel who were thus retained, and who rendered their services in his absence and without his knowledge. This case has other elements in it, upon which an implied promise and legal liability may properly be held to arise on the part of the defendant to make a reasonable compensation for the services rendered by the plaintiff.

The bill of exceptions finds that no question was made as to the propriety and necessity of the aid of senior counsel. The plaintiff was employed in the case through the agency of Porter, who was the attorney of record of the defendant in the suit, and who also had the management and preparation of the case for trial. The plaintiff, being thus introduced into the case, assumed the relation of counsel in the presence of the defendant, and conducted the case with his knowledge and participation, and the defendant consulted with him on the trial. This would ordinarily be quite sufficient to render the party liable for the services performed. But it is said that there was a special agreement made between the defendant and the attorney of record, that, if senior counsel should become necessary, the attorney would pay such counsel, and that the defendant should be at no expense in relation thereto. This was a secret arrangement, unknown to the plaintiff, and one which, in the ordinary course of professional services, he had no reason to suppose might exist. It may operate as a valid contract between the parties to it; but as respects the plaintiff, it cannot under the circumstances avail the defendant. These circumstances are the facts above stated, that the services of the plaintiff were performed in the presence and with the coöperation of the defendant, he adopting him as his counsel, and consulting with him as such. We think it was the defendant's duty, before thus knowingly receiving the plaintiff's services and accepting him as counsel to manage his case, to inform him of the special agreement with Mr. Porter, and that the defendant was to be at no expense for the fees of the senior counsel. Not having done so, but remaining silent on the subject when he should have spoken, and when the plaintiff might have withdrawn from the case, the defendant, after choosing to avail himself of the professional services of the plaintiff, cannot now avoid a personal liability for the payment of a reasonable compensation therefor. The instructions to the jury were well authorized, and the verdict for the plaintiff must stand.          *Exceptions overruled.*