## ELIZABETH FIELD AND OTHERS' APPEAL FROM PROBATE.

It is not necessary, upon the trial of the validity of a will in the Superior Court on an appeal from probate, that all the attesting witnesses should be called, even though they are within reach of the process of the court.

It is however the right of the party contesting the validity of the will to require that all the attesting witnesses within reach of process should be called. But this right may be waived, and will be regarded as waived where no demand is made that such witnesses be produced before the final closing of the evidence in the case.

APPEAL to the Superior Court from the probate of the will of David Brown; heard before *Minor*, *J.*, upon issues on sundry reasons of appeal closed to the court. The court found the issues for the appellees and rendered a judgment establishing the will. The appellants moved for a new trial. The case is sufficiently stated in the opinion.

*Seeley* and *L. Warner*, in support of the motion, cited *Knox's Appeal from Probate*, 26 Conn., 20 ; *Comstock* v. *Hadlyme*, 8 Conn., 254 ; *Clark* v. *Hoskins*, 6 Conn., 106 ; *Starr* v. *Starr*, 2 Root, 303, 307 ; *Chase* v. *Lincoln*, 3 Mass., 236 ; *Sears* v. *Dillingham*, 12 id., 358, 362 ; *Brown* v. *Wood*, 17 id., 72 ; *Brooks* v. *Barrett*, 7 Pick., 95, 99 ; *Nickerson* v. *Buck*, 12 Cush., 332, 342 ; *McKeen* v. *Frost*, 46 Maine, 239 ; *Patten* v. *Tallman*, 27 id., 17 ; 1 Redf. on Wills, ch. 3, § 5, art. 8 ; 2 id., ch. 1, § 3, art. 12 ; 1 Jarman on Wills, 218 ; 2 Story Eq. Jur., § 1447, note 5 ; *Bootle* v. *Blundell*, 19 Ves., 494, 500, 505 ; *Ogle* v. *Cook*, 1 Ves. Sen., 177 ; *Higgins* v. *Higgins*, 24 Eng. L. & Eq. R., 606 ; *Tatham* v. *Wright*, 2 Russ. & Milne, 1.

*Sturges* and *Curtis*, contra.

CARPENTER, J. Upon the trial of this case in the Superior Court, two of the subscribing witnesses to the will were present, and the third, Augustus Mead, had deceased. The appellees, in support of the will, introduced one of the witnesses, who testified to the execution of the will and the capacity of the testator, and also proved the decease of Mead, and his signature to the will as a subscribing witness. The other witness, though summoned by both parties, was called by neither. It does not appear that the testimony of the witness called was objected to on the ground that the other was not called ; nor did the appellants make any claim on

account of the omission until after the testimony was closed, and during the argument of counsel. They then claimed, and asked the court to decide, that the execution of the will and the capacity of the testator were not duly proved, for the reason that both the surviving witnesses to the will were not called. The court did not so decide, but found the issue for the appellees.

The motion for a new trial, then, presents this question:— Is a party who seeks to establish a will bound to call all the subscribing witnesses, if living, and within reach of the process of the court?

To prove the execution of the will merely, the statute does not expressly require the examination of all the witnesses, nor do we think such requirement is necessarily implied. It is true the statute authorizing the proof of wills at the time of their execution, or afterwards before the death of the testator, seems to require that all the witnesses should be sworn; but that is a special provision, applying only to such cases, and was not designed as a rule to govern the action of the court of probate or the Superior Court. Nor does the fact that three competent witnesses are required, authorize the inference that all must be produced and examined. The argument in behalf of the appellants, in this part of the case, seems to confound the attestation with the method of proving the attestation. The attestation is only complete when made by three witnesses. When so made, it may be proved, upon common law principles, by one credible witness. We see no reason or propriety, therefore, in requiring the testimony of all the witnesses for the purpose of proving the mere act of signing and attesting the will.

But the issue involves another question, that of capacity. Here, the testimony of the subscribing witnesses, though important, is not the only testimony. A large number of other witnesses are usually called. But prominence is justly given to the attesting witnesses. They are present at the time and place of the execution of the will. They have the means and opportunity of judging of the testator's capacity. The law places them there for that purpose, and that they

may protect both the testator and the heir. The heir, therefore, has a right to insist that the triers shall have the benefit of the observation and opinions of all the witnesses, if practicable, and that the party seeking to establish the will shall put them upon the stand. But this right may be waived, and is waived unless insisted upon at the time. By a reference to the facts it will be perceived that the appellants made no claim until after the testimony was closed, and during the argument, that the witness should be examined. They had procured a postponement of the trial in consequence of his absence, and secured his attendence at the trial. By closing the testimony without calling him themselves, or insisting that the opposite party should do so, we think that they must be considered as having waived their right to his testimony.

For these reasons a new trial is not advised.

In this opinion the other judges concurred.