GEORGE W. JARBOE ET AL. vs. THE HOME BANK AND TRUST COMPANY, ADMINISTRATOR (GEORGE W. JARBOE ET AL. APPEAL FROM PROBATE).

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A will attested by two witnesses only is not admissible to probate in this State, unless it is shown to have been executed in some other State and in accordance with its laws.

In case the witnesses to the will are dead and no place is named in the instrument as the place of its execution, indirect evidence of that fact is admissible.

Under these circumstances the proponents of the will are not bound to follow any particular order of proof, nor to go further than to lay a basis from which the jury may reasonably infer that the instrument was, more probably than not, executed in the State asserted by the proponents.

Obviously the proponents of a will may show what the law of the State was, within which the indirect evidence indicates that the instrument was executed.

A will executed more than thirty years ago, when produced from the proper custody and otherwise free from suspicion, is admissible in evidence and entitled to the same presumptions as an ancient deed; one of which is that the witnesses to its execution are dead.

While it is customary and proper, when possible, to prove by secondary evidence the signature of witnesses to an ancient deed, the presumption in favor of such documents is more than a license to resort to secondary evidence of their execution: it is one in favor of their due execution in point of fact.

Moreover, the presumption in favor of ancient writings is not necessarily confined to the fact of their execution, but when produced from proper custody and free from suspicion, a presumption of genuineness arises, more or less persuasive according to the circumstances, which makes them admissible as evidence of the truth of the recitals contained in them; and therefore the recitals in the attestation clause of an ancient will are admissible as some evidence of their truth.

The attestation clause of such a will is material, also, as tending to prove that the will was probably executed in the State where such clause was legally sufficient, especially if the two witnesses to it were lawyers practicing in such State.

In the present case the testator was a resident of New York City and

in business there, the will was witnessed and its execution supervised by two New York lawyers and in the form required by the law of New York. *Held* that these facts standing alone and unaided, rendered it more probable than otherwise that the will was executed in New York.

A finding of fact necessarily established by the verdict—in this case that the will in question was executed in New York—must be presumed to have been based upon sufficient evidence, in the absence of any motion to have the verdict set aside.

Argued October 31st, 1916—decided January 5th, 1917.

APPEAL by the plaintiffs from an order and decree of the Court of Probate for the district of Stamford approving and admitting to probate a written instrument, purporting to have been executed in 1860, as the last will and testament of Alexander Mackey, then living in New York City, who died April 1st, 1900, a resident of Darien in this State,—taken to the Superior Court in Fairfield County and tried to the jury before *Gager, J.;* verdict and judgment sustaining the will, and appeal by the plaintiffs. *No error.*

On the trial to the jury the following facts were in evidence: Alexander Mackey, the testator, married Josephine, named in the will as sole beneficiary, about 1858. In 1860, when the will was executed, the testator was in business in New York City and had his residence there. The will, although dated as to time, is not dated as to place, and it does not appear from any express recital therein whether it was executed in New York State or not. It is, however, attested by two witnesses described as residents of New York City, and it contains an attestation clause in the form required by the law of New York, to the effect that the will was subscribed by the testator, and by him declared to be his last will in the presence of the two witnesses, each of whom signed his name as witness at the request of the testator and in his presence and in the presence of each other. R. L. Larramore, one of

the witnesses, died in 1893, and at the date of the will was practicing law in New York City with John N. Cooper, the other apparent witness to the will. The signature of the will by the testator and of the attestation clause by the witness Larramore were proved, but the signature of Cooper was not identified; and there was no evidence to show whether he was dead or alive at the time of the trial, except that he was of middle age or elderly in 1860. The testator moved to Darien in this State about 1884, and died there in 1900. His widow, Josephine, died in Darien in 1915, and the will of Alexander was found among her papers by her executor and offered for probate. The reason for the delay in probating the will did not appear.

The reasons of appeal relate wholly to alleged errors in the admission of evidence.

*Morris Douw Ferris* of New York City, and *Nathaniel R. Bronson,* for the appellants (plaintiffs).

*John J. Cullinan, Jr.,* for the appellee (defendant).

BEACH, J. As the will was attested by two witnesses only it was not admissible to probate unless executed in some other State and in accordance with the law of that State; and the pivotal question of fact on the trial was whether it was executed in New York. Ordinarily a will purports to be executed at a place named therein, and if that were not so, there would generally be a surviving witness able to locate the place of its execution. But in this case the will itself does not name the place of execution, one of the witnesses is dead, and the failure to produce the other witness is sufficiently accounted for by the date of the execution of the document. Under these circumstances the proponents of the will were entitled to resort to indirect evidence of the place of its execution, to the admission

of which the appellants excepted.   In so far as the assignments of error are pursued on the brief they relate to the admission of the testimony of a member of the New York bar as to the law of New York, and to the admission in evidence of the document purporting to be the will of the testator.

The testimony objected to consisted of the reading of the statutes of New York governing the execution of wills in 1860, and the objection was that proof of the law of New York was inapplicable to the document in question until the fact of its execution in New York State was in evidence.   Without discussing the legal merits of this objection, we regard it as inappropriate to the case presented by this record, because it erroneously assumes that no evidence was offered to show that the will was executed in New York.

It must be admitted, of course, that at some stage of the trial the proponents of the will were bound to offer some competent evidence that the will was executed in New York; yet they were not bound to follow any particular order of proof or to go any further than to produce evidence from which the jury might reasonably infer that the will was, more probably than not, executed in New York.   The verdict of the jury shows that the appellees did offer such evidence, for it necessarily imports a finding that the will was executed in New York, and as the verdict stands unquestioned by motion to set it aside, it must be presumed to have been based upon sufficient evidence of that fact.   It follows as a matter of course that the proponents of the will had a right to show what was the law of New York, and thus to show that the will was admissible to probate under our statute because executed in accordance with the law of the State of its execution.

Although most of the reported cases on the subject

of ancient documents relate to deeds, the consensus of opinion appears to be, in accord with the appellants' admission at the trial, that a will executed, as this was, more than thirty years before it is offered in evidence, is, when produced from the proper custody and otherwise free from suspicion, entitled to the benefit of the same presumptions as an ancient deed.

The objection to the admission of this will, in so far as it was based upon the claim that its execution had not been sufficiently proved, was that the presumption in favor of ancient documents does not overcome the failure to produce the witness Cooper or to prove his death, and the failure to prove his signature.

It is the right of the party contesting the validity of the will to require that all of the witnesses alive and within the reach of process should be called. *Field's Appeal*, 36 Conn. 277; *Barber's Appeal*, 63 Conn. 393, 401, 27 Atl. 973. But this rule was not violated, because—as Mr. Justice Story puts it in *Winn v. Patterson*, 34 U. S. (9 Pet.) 663, 674, 675—"after the lapse of thirty years from the time of execution of a deed, the witnesses are presumed to be dead; and this is the common ground, in such cases, for dispensing with the production of them, without any search for them, or proof of their death, when the original deed is before the court for proof." See, also, 17 Cyc. 444.

Therefore the proponents were not bound to produce Mr. Cooper as a witness, or to prove that he was dead, and the next question is whether they were bound to prove his signature. It is customary and proper, when possible, to prove the signature of witnesses to an ancient deed, and thus to prove its execution by secondary evidence as if it were a modern deed whose witnesses happened to be dead. But the presumption in favor of ancient deeds goes further than a mere license to resort to secondary evidence of their execu-

tion; it is one of fact in favor of the due execution of the deed. Blackstone (Vol. 3, p. 367) classes records and ancient deeds together as writings which prove themselves. Swift (Evidence, p. 33) says that "courts have laid it down as a rule, that a deed of above thirty years standing requires no further proof of its execution than the bare production, providing the possession has been according to the provision of the deed."

Whether such possession under the deed is a prerequisite to its admission in evidence without proof of execution is a question which Mr. Wigmore discusses at some length, and he arrives at the conclusion, apparently supported by the weight of authority, that it is not necessary, and that the lack of such possession, though evidentially important, is in its nature an argument in rebuttal. 3 Wigmore on Evidence, § 2138 *et seq.* Such appears to have been the rule adopted by this court in *Mallory* v. *Aspinwall,* 2 Day, 280, where an unrecorded deed, something over thirty years old, releasing the equity of redemption was admitted in evidence on its production by the mortgagee without any proof of execution, or that the witnesses were dead; although the mortgagor had remained in possession of the premises for sixteen years after the date of the release. pp. 286, 287.

As the evidence must have satisfied the trial judge that this will was above thirty years old, that it came from proper custody, and that it was free from appearance of suspicion, all the essential prerequisites to the presumption in favor of its execution were satisfied, and no testimonial proof of execution was necessary in order to make it admissible in evidence.

Moreover, the presumption in favor of ancient writings is not necessarily confined to the fact of their execution, but when produced from proper custody and free from suspicion a presumption of genuineness

arises, more or less persuasive according to the circumstances, which makes them admissible as evidence of the truth of the recitals contained in them. *New York, N. H. & H. R. Co.* v. *Cella,* 88 Conn. 515, 520, 91 Atl. 972.

This will was therefore admissible as some evidence of the truth of the recitals in the attestation clause as to the formalities attending its execution. *Barnes* v. *Barnes,* 66 Me. 286, 296. It was also admissible because, after the jury had been told that the witnesses were lawyers practicing in New York and presumably capable of intelligently supervising the execution of legal documents, the form of the attestation clause became material as tending to show that the will was probably executed at a place where such an attestation clause was legally sufficient.

A considerable part of the appellants' brief is devoted to the claim that there was no evidence that the will was executed in New York. As already stated, this record does not present the claim that the verdict was against the evidence, and therefore that question is not before us.

It is apparent, however, that the will itself, aided by the presumption in favor of ancient documents, affords sufficient evidence of the place of its execution to support the verdict.

That the testator was a resident of New York City, having his home and place of business there; that the will was witnessed and its execution supervised by two New York lawyers; and that it was executed and attested in the form required by the law of New York—these are facts which, taken together and standing alone, make it more probable than otherwise that the will was executed in New York.

There is no error.

In this opinion the other judges concurred.