CHARLES F. NOREN ET UX. *vs.* EDMUND C. WOOD.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 118 of the Public Acts of 1897, p. 834, provides that certain cases may be put to the jury within thirty days after the return day; and that when an issue of fact is joined after "said period," the case may, within ten days after "such period," be entered in the jury docket upon request of either party made to the clerk. *Held* that the statute must be construed as referring to two periods: one of thirty days from the return day, and the other from the expiration of the thirty days to the date of joinder of an issue of fact; and that a party had the right to put the case to the jury within ten days after the latter period.

Argued June 6th—decided June 20th, 1899.

ACTION to recover damages for fraud in the exchange of real estate, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Carroll, J.;* facts found and judgment rendered for the defendant, and appeal by the

plaintiffs for alleged errors in the rulings and findings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*John C. Chamberlain* and *John Cullinan, Jr.*, for the appellants (plaintiffs).

*Stiles Judson, Jr.*, and *Clitus H. King*, for the appellee (defendant).

ANDREWS, C. J. The plaintiffs in their complaint alleged that they had been defrauded by the defendant in the purchase from him of a certain piece of land, and set forth the facts which they claimed showed the fraud. The action was made returnable to the Court of Common Pleas in Fairfield county on the first Tuesday of May, 1898. An answer was filed on the 14th day of October, then next, to one part of which the plaintiffs demurred. Thereafter, on the 24th day of February, 1899, by mutual consent all the pleadings were withdrawn; and by consent of court a substituted complaint was filed. To this substituted complaint the defendant, on the first day of March, pleaded the general issue. On the 4th day of March the plaintiffs requested and moved the court that the action upon the issue so formed be put on the jury docket. This motion the court (*Curtis, J.*) denied, and the plaintiffs duly excepted. This ruling is the first reason of appeal in this court.

The statute—Public Acts of 1897, p. 834—governing this question, provides that "the following named classes of cases shall be entered on the jury docket upon the written request of either party made to the clerk within thirty days after the return day, to wit: appeals from probate involving the validity of a will, or a paper purporting to be such, appeals from the doings of commissioners on insolvent estates and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January first, 1880, would not present a question properly cognizable in equity; when in any of the above named cases an issue of fact is joined, after said period, the case may, within ten days after such period, be entered in the jury docket upon request of either party made to the clerk."

The language of the statute may not be entirely free from doubts, and so the court must resort to rules of construction. The Constitution, Art. I, § 21, provides that the right of trial by jury shall remain inviolate. That is a right which, like other rights, may be waived; but it is a right the waiver of which is not to be inferred without reasonably clear evidence of the intent to waive. Statutes which require a separate docket to be kept for jury cases and fix rules for putting cases on that docket, are intended to be so framed that a party who does not comply with the rules may justly be held to have voluntarily relinquished his right to a jury trial. Such statutes should be construed so as not to change this result, or to deprive a party of his full right to a trial by a jury. Section 1030 of the General Statutes—which the Act of 1897 repealed and the place of which it takes—mentions two periods within which an issue proper for the jury might be put on the jury docket. One was the first term; the other was the period after the first term until such an issue was joined; and it was provided that the action might be put on the jury docket at any time within three weeks after the issue was so joined. This Act of 1897, which we are now considering, evidently intended to conform to the same general plan. To give it any reasonable construction it must be read as creating two periods within which an issue proper for the jury may be put on the jury docket. One is the period of thirty days from the return day of the suit; the other is the period beginning at the termination of the thirty days and ending whenever such an issue is joined. And the Act allows ten days after such latter period, that is, after an issue is joined, within which either party may, upon request, have the action put on the jury docket.

In the present case the plaintiffs requested, within ten days after the issue was joined, that the action be put on the jury docket. We think they were entitled to have it done, and that the court erred in refusing their request.

There is error and a new trial is granted.

In this opinion the other judges concurred.