## WILLIAM S. ATTA *vs.* BENJAMIN CUTNER ET UX.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, JS.

The allowance, during the trial, of an amendment which merely changes a date alleged in the complaint, does not involve the reopening the case and giving the defendant the right—once unequivocally abandoned—to have the cause tried to the jury. Nor is the defendant's position strengthened by the fact that, after the allowance of such amendment, the trial is suspended for a day or two by the indulgence of the court.

A tenant who was prohibited from subletting any portion of the premises upon penalty of an immediate termination of his lease, agreed with a third party that the latter might occupy and use, from month to month, a portion of the property for the storage and sale of his automobiles, at a stated price per month. *Held* that this constituted a subletting in violation of the terms of the lease, and therefore entitled the lessor to recover possession of the premises.

Argued November 4th—decided December 22d, 1920.

WRIT OF ERROR to reverse a judgment of the City Court of Waterbury, *McGrath, J.*, in an action of summary process, brought to the October Term, 1920, of the Supreme Court of Errors at Bridgeport. *No error.*

*James E. McKnight,* for the plaintiff.

*Edward L. Seery,* for the defendants.

CASE, J. On May 28th, 1919, the plaintiff, by a duly-executed writing, leased of the defendants' predecessors

in title, certain store property in Waterbury for the term of two years at a stipulated rental. There was a provision that the lessee "will not assign this lease, nor underlet a part or the whole of said leased premises," the penalty for a breach of this covenant being an immediate termination of the lease and the right of the lessor thereafter to repossess himself of the premises. The defendants became the owners of the premises in May, 1920, by proper conveyance and assignment, and in a proceeding of summary process brought during the next month, recovered possession of the premises because of a claimed subletting of a portion of them in violation of the covenant referred to.

The writ of error challenges the correctness of this judgment, and two grounds are assigned by the bill of exceptions: (1) that the court erred in denying the plaintiff's motion for a jury trial, and (2) that the facts found did not disclose a subletting of any part of the premises.

The first ground is not well taken. It appears from the bill of exceptions that after the issues had been closed in the original action, the parties appeared and went to trial. "The plaintiffs [the lessors] proceeded to produce testimony in support of their complaint, but after two witnesses had testified it appeared that the alleged subletting, if any, commenced on or about the 3d day of June, 1920, instead of April, 1920, as alleged in the original complaint." The lessors thereupon asked and were granted leave to amend—the sole scope of the amendment being this change of date,—and the tenant on his motion was given two days to file a new answer. The hearing was suspended, and when the answer was filed, the tenant filed with it a motion for a jury trial, which was denied. The allowance of the amendment brought no such change into the situation as to revive a right of election for a jury trial which had already

definitely lapsed. The circumscribed scope of the amendment—a mere change of date—suggests on the record before us that the court exercised the limit of a discretionary indulgence in allowing even a temporary suspension of proceedings at the stage they had reached. It is a common occurrence in our practice that amendments of this character are asked and permitted during the progress of a trial, when the trend of the testimony discloses proper occasion, without halting or delaying the course of the proceedings, and the practice is both reasonable and salutary. Under such circumstances it would be absurd, of course, to suggest that it involved the reopening of the right of submission to a jury after the right had been once unequivocally abandoned, and the cause actually committed to the court. The principle is the same in the present case; the plaintiff's position is not strengthened by the fact that there was an actual suspension of the trial for a few days. This did not enlarge the issues involved. He knew as much before the amendment was allowed as after its disclosure, both of the landlords' claim and of the facts upon which he must rely to combat it.

We are also satisfied that the court properly found upon the reported facts a subletting of a portion of the leased premises, within the meaning of the lease. The bill of exceptions in presenting this question gives this description of the transaction: "On or about June 3, 1920, the defendant [Atta], without written permission of the plaintiffs [the landlords] or any of their predecessors in title, engaged with James Carroll, a dealer in automobiles, to permit the said Carroll to use and occupy a portion of said leased premises, to wit: the north store, for the storage of his automobiles and as a salesroom for said automobiles, there being no provision in their arrangement whereby Carroll could store or repair the automobiles of others therein. It was agreed,

between the defendant and said Carroll that Carroll should pay the defendant at the rate of sixty ($60) dollars per month for such use and occupation, and that his occupation should be from month to month only." We think this was very clearly a violation of the explicit condition of the lease already recited. It conveyed to Carroll the right to conduct upon the premises an entirely independent business of his own, subjected a portion of the place to that use, described the occupation as one from month to month, and definitely reserved to Atta, the present plaintiff, a fixed rental for the use involved. This was a subletting within the prohibition of the terms of the lease.

There is no error.

In this opinion the other judges concurred.