ELIZABETH LEAHEY, ADMX.
*vs.*
HUGH J. HEASLEY

Superior Court    New Haven County    File No. 13090
At Waterbury

127 Conn. 332    MEMORANDUM FILED JANUARY 31, 1940.

*Joseph M. Navin* and *Hugh Guastaferri,* of Waterbury, for the Plaintiff.

*William B. FitzGerald,* of Waterbury, for the Defendant.

McEVOY, J. This is a motion to strike from the jury docket.

The case was returned to the first Tuesday of May, 1939. An issue of fact was joined on October 6, 1939, at which time the plaintiff filed its reply, thus closing the issue. Thereafter, on December 22, 1939, the plaintiff moved for permission to amend the complaint. The motion was granted and on December 27, 1939, the amendment was filed. Thereafter, on January 6, 1940, the plaintiff claimed the case for the jury docket. January 6, 1940, was, of course, within ten days after December 27, 1939.

Thereafter, on January 10, 1940, the defendant filed the present motion to strike the case from the jury docket upon the ground that the case was not claimed for the jury docket within the time prescribed by the statute. The plaintiff opposes the motion to strike the case from the jury docket on the ground that the claim for the jury docket was filed "within ten days after such issue of fact is joined."

The decisive question is therefore: "When was the issue of fact joined within the meaning and construction of the statute?"

"Statutes which require a separate docket to be kept for jury cases and fix rules for putting cases on that docket, are intended to be so framed that a party who does not comply with the

rules may justly be held to have voluntarily relinquished his right to a jury trial. Such statutes should be construed so as not to change this result, or to deprive a party of his full right to a trial by a jury..... To give it any reasonable construction it must be read as creating two periods within which an issue proper for the jury may be put on the jury docket. One is the period of thirty days from the return day of the suit; the other is the period beginning at the termination of the thirty days and ending whenever such an issue is joined. And the Act allows ten days after such latter period, that is, after an issue is joined, within which either party may, upon request, have the action put on the jury docket." *Noren vs. Wood,* 72 Conn. 96, 98.

In *Thompson vs. Main,* 102 Conn. 640, the statute, under which that action was brought, gave either party the right to move for a jury trial "on or before the return day of such complaint." In the Supreme Court opinion in that case it was held (p. 641) that: "The statute did not give the defendant the right to move for a jury trial at any time later than the return day of the complaint and an amendment of the complaint could not extend the period named in the statute." It should be observed that there was only one period during which that case could have been claimed—not two periods as in the instant case.

Our courts have repeatedly, and consistently, held that section 5624 of the General Statutes, Revision of 1930, and its predecessor, section 5752 of the General Statutes, Revision of 1918, definitely established two periods during which claim for the jury docket may be made.

There is no case in which our Supreme Court has held that an allowance of an amendment serves as an extension of the time for a claim for the jury docket nor as establishing a new or further period during which such claim may be made.

"The allowance of the amendment brought no such change into the situation as to revive a right of election for a jury trial which had already definitely lapsed." *Atta vs. Cutner,* 95 Conn. 576, 577.

If an additional or extended period were to be accomplished by the filing of one amendment then each, and repeated, subsequent amendments would open and reopen the periods so that there would be no end to such recurrence. This would, obvi-

ously, result in inconvenience and induce uncertainty.

For all of the reasons stated the motion to strike from the jury docket is granted.