ELIZABETH LEAHEY, ADMINISTRATRIX (ESTATE OF CORNEILUS LEAHEY) *v.* HUGH J. HEASLEY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 3—decided November 26, 1940.

*Joseph M. Navin*, with whom was *Hugo Gustaferri*, for the appellant (plaintiff).

*William B. FitzGerald*, for the appellee (defendant).

ELLS, J. The case which is the subject of this appeal is a negligence action, and is concededly within the provisions of General Statutes, § 5624, which gives either party the right to have a case placed on the jury docket provided a written request is made to the clerk within thirty days after the return day, or, upon the request of either party, within ten days after "an issue of fact is joined," or at any time upon written consent of all parties or by order of court. The record discloses that an issue of fact was joined and the pleadings closed, at least for the time being, on October 6, 1939. On November 9th the plaintiff moved for permission to amend the complaint, and the motion was granted on December 22d. The amendment added a new and specific claim of negligence. On December 27th the defendant filed an amended answer deny-

ing the new allegations, and within ten days thereafter, on January 5, 1940, pursuant to the plaintiff's written claim, the case was placed on the jury docket. The court granted defendant's motion to strike the case therefrom.

The trial court ruled that by permitting more than ten days to elapse after an issue of fact had been joined without filing a claim for the jury docket the plaintiff had waived her right to make such claim within ten days after a later issue of fact had been joined.

Section 5624 of the General Statutes mentions two periods within which an issue proper for the jury may be put on the jury docket. One is "within thirty days after the return day." The other is the provision in question in this case, and it reads as follows: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; . . ." In *Noren* v. *Wood*, 72 Conn. 96, 43 Atl. 649, we construed the word "when" to mean "whenever." There have been slight changes in the statute since the date of the opinion, but none which affect the issue now before us. We said (p. 98): "To give it [the statute] any reasonable construction it must be read as creating two periods within which an issue proper for the jury may be put on the jury docket. One is the period of thirty days from the return day of the suit; the other is the period beginning at the termination of the thirty days and ending wherever such an issue is joined. And the Act allows ten days after such latter period, that is, after an issue is joined, within which either party may, upon request, have the action put on the jury docket." We held that a claim for the jury docket made within ten days after the joining of an issue on a substitute complaint was good, although issue had been joined on the

original complaint some months before. This case is decisive of the question now under consideration.

In *Rowell* v. *Ross,* 91 Conn. 702, 101 Atl. 333, there had been a court trial, and upon appeal the case was sent back for a new trial. Without raising any new issues of fact by amendment, the defendant attempted to have the case placed on the jury docket. The court denied the motion, and upon appeal we said (p. 708): "These last requests that the case be entered on the jury docket were not made . . . within thirty days of the return day, or within ten days after an issue of fact was joined, as required by statute. When a case is sent back to the Superior Court for a new trial, it goes back to the same docket as before. If to the court docket, it remains there unless an issue of fact is afterward joined, when it may be transferred to the jury docket on request within ten days thereafter. But the statutes make no provision for the transfer to the jury docket of a case which has been tried to the court and sent back for a new trial, unless an issue of fact is joined after the case is remanded, or the court in its discretion orders it to be tried to the jury." If a jury claim is thus allowable even after the case has been to the Supreme Court, a fortiori, it is permissible when an issue of fact is joined before any trial at all is had.

There are no decisions of this court reaching a contrary conclusion. *Thompson* v. *Main,* 102 Conn. 640, 129 Atl. 786, is not in point, for it was a summary process case and the statute provided that a claim for a jury trial must be filed on or before the return day. In *Atta* v. *Cutner,* 95 Conn. 576, 111 Atl. 847, we held that the allowance, during the trial, of an amendment which merely changes a date alleged in the complaint, does not justify the reopening of the case and giving the defendant the right to have the cause tried to the

jury. We speak of "the circumscribed scope of the amendment—a mere change of date." In *Fine* v. *Moomjian*, 114 Conn. 226, 231, 158 Atl. 241, we say: "The defendants' motion for a jury trial, made informally during the course of the trial, before the amendment was offered and without reference to it, came too late. General Statutes, § 5624."

Chief Justice Andrews' opinion in *Noren* v. *Wood*, supra, was sound when rendered; it is equally sound today. The roots of the right to claim a case for the jury docket run deep. The constitution of this state provides that the right of trial by jury shall remain inviolate. Constitution, Article First, § 21. It is a right which, like other rights, may be waived. The statutory regulations under review are clearly constitutional ones. They do not deprive parties of their right to a jury trial, nor do they impose any arbitrary or unreasonable requirements upon one who desires such a trial. *McKay* v. *Fair Haven & W. R. Co.*, 75 Conn. 608, 611, 54 Atl. 923. Such statutes should be construed so as to uphold the right of reasonable regulation; they should also be construed so as not to deprive a party of his full right to a trial by a jury. *Noren* v. *Wood*, supra, 98. The construction we have placed upon this statute preserves a fair and reasonable balance between the two rights, and in our opinion is the one intended by the legislature.

The defendant's brief discusses an issue not considered by the trial court and not raised in the appeal. He contends that no new issue of fact was raised by the amendments. The motion to strike from the jury docket recited that an issue of fact had been once joined and claimed that the plaintiff had thereby abandoned her right. The trial court properly considered that claim only, and the appeal was from the court's order granting the defendant's motion to strike

the case from the jury docket. However, the amendment to the effect that the acts charged constituted negligence because they violated the rules of the road, and the defendant's denial that this was so, brought the matter within the intendment of the statute.

There is error, and a new trial is ordered, with direction to grant the plaintiff's motion to place the case on the jury docket.

In this opinion the other judges concurred.