### VERA RITCHIE ET AL. v. F. O. GOEBEN

COURT OF COMMON PLEAS      FAIRFIELD COUNTY      FILE No. 46839

■■■■■■

Memorandum filed December 18, 1946.

■■■■■■■■■■

■■■■■ ■■■■

*Harold B. Yudkin,* of Derby, for the Plaintiffs.

*Lorin W. Willis,* of Bridgeport, for the Defendant.

FITZGERALD, J. The question for determination is whether the plaintiffs should be given leave of court to have the case go on the jury docket. Under General Statutes, § 5624, any party to a civil action has the right to have a case placed on the jury docket provided a written request is made to the clerk within thirty days after the return day, or upon the request of any party to the clerk within ten days after "an issue of fact is joined," or at any time upon written consent of all parties or by order of court. See generally *Leahey* v. *Heasley,* 127 Conn. 332, wherein our Supreme Court, speaking through Justice Ells, analyzes with care the scope of the statute and earlier decisions thereunder.

The file discloses the following matters pertinent to the question presented:

1. The case came to this court on the first Tuesday of September, 1946, on an appeal from the judgment of the City Court of Shelton in favor of the defendant.

2. On September 13, 1946, the defendant filed an answer and a counterclaim.

3. On September 16, 1946, the plaintiffs filed an answer to the defendant's counterclaim which contained allegations of special defense requiring a reply thereto from the defendant.

4. On November 12, 1946, the defendant withdrew his counterclaim.

5. On November 15, 1946, the plaintiffs withdrew their answer to the defendant's counterclaim. (Parenthetically the court observes that this withdrawal, while tending to clear the record, was surplusage).

6. On November 19, 1946, the plaintiffs filed the within motion.

Other matters have been made to appear at the hearing on the within motion:

7. When the plaintiffs withdrew their answer to the defendant's counterclaim on November 15, 1946, they accompanied

their withdrawal with a claim for the jury docket and a check covering the required fee.

8. On that day the clerk returned to plaintiffs' counsel the claim and check on the ground that the time had elapsed for the filing of claim for jury docket in the absence of consent of opposing counsel or leave of court.

In the court's opinion the plaintiffs' motion warrants being granted on three grounds, any one of which is deemed sufficient in itself: (a) the withdrawal by the defendant of his counter-claim on November 12 advanced the date of the last joining of an issue of fact from September 13, 1946, to November 12, 1946, and the plaintiffs' claim for jury docket three days later comes within the ten days' provision of the statute; (b) to deny the plaintiffs a jury trial under the circumstances recited would result in depriving a party awaiting the filing of a pleading by his adversary of an opportunity to claim the case to the jury docket within ten days of the joining of an issue of fact, by the adversary withdrawing that pleading which has given rise in the ordinary course to subsequent pleadings requiring the joining of an issue of fact at a later date, as in the case at bar; (c) the statute in any event speaks of "order of court" which implies a discretionary power conferred upon the court to permit a claim for jury docket under circumstances deemed appropriate, and the circumstances here attending are found sufficient to warrant the exercise of such discretion in the plaintiffs' favor.

The grounds stated in granting the motion of the plaintiffs to have the case entered on the jury docket come squarely within the spirit of the Supreme Court's pronouncement in *Leahey* v. *Heasley*, supra, 336: "The roots of the right to claim a case for the jury docket run deep. The constitution of this state provides that the right of trial by jury shall remain inviolate . . . [The statute] should be construed so as to uphold the right of reasonable regulation; [it] should also be construed so as not to deprive a party of his full right to a trial by a jury."

In passing it may be observed that although the case comes to this court by reason of a provision in the charter of the city of Shelton authorizing such appeal (17 Spec. Laws 689), it is not claimed by counsel, nor does it otherwise appear, that any statute other than § 5624 herein considered is involved. The right to jury trial is regulated by that statute.

Motion granted; jury fee to be paid to clerk within ten days.