STATE OF CONNECTICUT *v.* JOSEPH PERRELLA

STATE OF CONNECTICUT *v.* STANLEY ORZOLEK

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued January 2—decided January 22, 1957

*Anthony A. E. DeLucia,* for the appellants (defendants).

*James J. O'Connell,* prosecuting attorney, for the appellee (state).

INGLIS, C. J.  The principal question presented by this appeal is whether the provisions of the statute relating to the trial of criminal cases with a jury of six rather than twelve are unconstitutional.

On April 5, 1955, the defendants were arraigned in the Court of Common Pleas in Fairfield County on the charge of theft from the person.  Although an attorney had previously entered his appearance on their behalf and had been notified that the defendants would be put to plea on that day, neither he nor any other attorney representing them was present at the time of their arraignment.  When put to plea, each defendant pleaded not guilty.  In response to an inquiry by the clerk as to how they elected to be tried, they each responded, "By the jury," and said nothing more.

The cases were assigned for trial on April 19.  At that time an attorney other than the one who had previously entered his appearance was present on behalf of the defendants.  When the court indicated

to him that, in accordance with the statute, the trial was to be to a jury of six, he made the claim that his clients were entitled to a trial by a jury of twelve. The court overruled this claim and the trial proceeded to a jury of six, who returned a verdict of guilty. From the judgment rendered thereon the defendants have appealed.

The ruling of the trial court was based upon the provisions of § 3326d of the 1955 Cumulative Supplement.[1] The claim made by the defendants is that so much of the statute as provides that if a defendant in a criminal cause elects trial by jury and at the time of making that election does not specify a jury of twelve his trial shall be had to a jury of six is violative of §§ 9 and 21 of article first of the Connecticut constitution. Section 9 provides that in all criminal prosecutions by indictment or information the accused shall have the right to a speedy, public trial by an impartial jury. Section 21 reads: "The right of trial by jury shall remain inviolate."

Parenthetically it should be noted that the defendants do not claim, nor could they successfully maintain, that any right guaranteed to them by the

[1] "Sec. 3326d. WHEN ACCUSED MAY ELECT TO BE TRIED BY THE COURT. In any criminal case, prosecution or proceeding, the party accused may, if he shall so elect when called upon to plead, be tried by the court instead of by the jury; and, in such case, the court shall have jurisdiction to hear and try such case and render judgment and sentence thereon. If the accused shall be charged with a crime punishable by death or imprisonment in the State Prison for life and shall elect to be tried by the court, the court shall be composed of three judges consisting of the judge presiding at the session and two other judges to be designated by the chief justice of the supreme court of errors. Such judges, or a majority of them, shall have power to decide all questions of law and fact arising upon the trial and render judgment accordingly. If the party accused does not elect to be tried by the court, he shall, in any case not punishable by death or imprisonment for life, be tried by a jury of six unless, when called upon to plead, he shall claim to be tried by a jury of twelve."

constitution of the United States has been violated. *Gray* v. *Mossman,* 91 Conn. 430, 442, 99 A. 1062; *Hallinger* v. *Davis,* 146 U.S. 314, 324, 13 S. Ct. 105, 36 L. Ed. 986.

The purpose and effect of the provisions in the Connecticut constitution is to preserve and make available to litigants as a political right "the institution of jury trial, in all its essential features as derived from our ancestors and now existing by force of our common law." *State* v. *Gannon,* 75 Conn. 206, 232, 52 A. 727. We assume, without deciding, that one essential feature of the institution is that a jury shall consist of twelve persons. See *Patton* v. *United States,* 281 U.S. 276, 288, 50 S. Ct. 253, 74 L. Ed. 854; Phillips, "A Jury of Six in All Cases," 30 Conn. B. J. 354, 358.

It is not violative of the constitutional guarantee of the right to a jury trial for the legislature to enact a statute which changes the form of jury procedure if it still maintains the substance of the institution. *State* v. *Main,* 69 Conn. 123, 131, 37 A. 80. Specifically, it is competent for the legislature to subject the exercise of the right to a jury trial to conditions and regulations of procedure for the better promotion of justice and the public welfare so long as the substance of the right is not adversely affected or the exercise of the right is not prevented. *Meigs* v. *Theis,* 102 Conn. 579, 597, 129 A. 551; *Vivian's Appeal,* 74 Conn. 257, 260, 50 A. 797; *Curtis* v. *Gill,* 34 Conn. 49, 54. Consequently, a statute which requires a party to make an election between a trial by jury and a trial to the court and provides that, unless the case is claimed for the jury at or before a prescribed time, the trial shall be to the court is not violative of the constitution. *Leahey* v. *Heasley,* 127 Conn. 332, 336, 16 A.2d 609; *Noren* v. *Wood,*

72 Conn. 96, 98, 43 A. 649. This is true with reference to criminal cases as well as to civil. *State* v. *Rankin,* 102 Conn. 46, 49, 127 A. 916; *State* v. *Worden,* 46 Conn. 349, 365.

Section 3326d in so far as it provides that an accused shall be tried to a jury of six unless at the time he is put to plea he demands a jury of twelve does not deprive any defendant of his right of trial by jury. All that it does is to require a defendant who desires to be tried by a jury of twelve to demand such a trial in proper season. Such a requirement is reasonable. On the one hand, it preserves the right of an accused to a trial by jury, as that was known at common law, and on the other hand, the accused being willing, it permits a trial which may be conducted more expeditiously and certainly with less expense to the state.

The defendants contend that the statute depends for its validity upon the theory that an accused by failing to claim a jury of twelve in proper season waives his constitutional right. They then contend that in the present case it cannot be said that they waived a jury of twelve, because a waiver is a relinquishment of a known right and when they were put to plea, they say, they did not know that by failing to claim a jury of twelve they waived their right to it. There are two answers to that argument. The first is that there is no finding to the effect that they were ignorant of their rights and the way to protect them. In the second place, although it is true that the statute is based on the theory of waiver, the fact is that the statute, by its terms, constitutes the failure to claim a jury of twelve a waiver in itself irrespective of the state of mind of the accused. *State* v. *Rankin,* supra, 49. The statute provides that the failure of an accused to claim a jury of twelve at the

proper time is a relinquishment of his constitutional right to a trial by a jury of twelve. So long as the statute does not cut off his right to a trial by a jury of twelve altogether or impose unreasonable conditions upon the assertion of that constitutional right, the statute is valid on whatever theory it may be predicated.

The defendants claim that it was error for the clerk of the court not to inquire of them at the time of plea whether they desired a jury of twelve. There is no merit to this claim. The statute puts the burden of making the election on the accused person. It imposes no obligation on any official of the court to guide him in making it.

In their brief the defendants contend that it was an abuse of discretion for the court to deny them a trial by a jury of twelve. At the trial they did not request the exercise of any discretion on the part of the court. When the case was reached for trial, they took the position that they then were entitled to be tried by a jury of twelve as a matter of right. So long as their election stood as one for a trial by a jury of six, the court had no discretion but to deny them a trial by a jury of twelve.

There is no error.

In this opinion the other judges concurred.