AMERCOAT CORPORATION *v.* TRANSAMERICA INSURANCE COMPANY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 6, 1973—decided January 15, 1974

*E. John Pfotzer,* pro se, an appellant (defendant
–third party plaintiff), with whom, on the brief,
was *Edmond Pfotzer,* pro se, an appellant (defend-
ant–third party plaintiff).

*Harry M. Lessin,* for the appellee (plaintiff).

SHAPIRO, J. In this action, by writ, summons and
complaint filed October 8, 1969, the plaintiff, herein-
after called Amercoat, brought suit as a subcon-
tractor against the defendants Edmond Pfotzer and
E. John Pfotzer, hereinafter called Pfotzer, for
materials furnished under a construction contract
with the city of Norwalk. Also named as a defend-
ant was Transamerica Insurance Company, herein-
after called Transamerica, which, as surety, signed
a bond that had been executed by Pfotzer for faith-
ful payment for materials furnished and labor used
in executing the contract. On October 15, 1969,
Pfotzer filed an answer to this complaint. Subse-
quently, upon the granting by the court of a motion
made by Pfotzer, the city of Norwalk was impleaded
by Pfotzer as a third party defendant by writ, sum-
mons and complaint dated October 27, 1969. Trans-
america, on December 19, 1969, filed its answer to
the Amercoat complaint with two special defenses

to which defenses Amercoat successfully demurred. On March 30, 1970, the city of Norwalk filed an answer and special defense to the Pfotzer third party complaint, a counterclaim against Pfotzer and a cross complaint against Amercoat.[1] On April 7, 1970, Pfotzer filed an answer and special defense to the Norwalk counterclaim and a reply to its special defense. The last sentence contained in that pleading states: "Pursuantly, defendants and third party plaintiffs make Demand For Jury Trial." On April 20, 1970, Transamerica filed its substituted answer to the Amercoat complaint. On May 19, 1970, Norwalk filed a reply (dated May 15, 1970) to Pfotzer's special defense to its counterclaim. On June 20, 1972, Pfotzer addressed the clerk of the Superior Court in writing stating, in part: "Please place this case on the trial list of the Court for trial at the earliest possible date. This case is claimed for trial by jury." On August 11, 1972, Amercoat filed a motion to strike the case from the jury trial list "for the reason that the claim to the Jury Trial List was filed more than ten (10) days after issue was joined by the plaintiff's reply dated May 15, 1970."[2] On September 1, 1972, the court granted the motion. Pfotzer, as defendant and third party plaintiff, appealed therefrom to this court.[3]

[1] We note that the record does not disclose that Amercoat has pleaded to this cross complaint.

[2] The record discloses that the only party to file a reply dated May 15, 1970, was the city of Norwalk as a third party defendant.

[3] In order to place the pleadings in proper perspective we first point to the original action brought by Amercoat against Transamerica and Pfotzer in which the issues have been joined. Next, we point to the third party action commenced by writ, summons and complaint served by Pfotzer as the third party plaintiff wherein the city of Norwalk was impleaded as the third party defendant. Owing to Norwalk's reply dated May 15, 1970 (filed on May 19, 1970) to Pfotzer's special defense, the issues between Pfotzer and the city of Norwalk were joined.

Section 78A of the Practice Book provides for the impleading of a third party by a defendant in a civil action. Under this provision, Pfotzer had impleaded the city of Norwalk as a third party defendant. Thus, as against Norwalk, Pfotzer thereby became a third party plaintiff and, as recited in footnote 3, the issue of fact between these two parties was joined.

General Statutes § 52-215 contains language essentially similar to that in § 5624, Rev. 1930 (the statute involved in *Leahey* v. *Heasley,* cited below), and provides two periods of time within which an issue proper for trial by jury may be entered in the jury docket. One is "within thirty days after the return day." The other is contained in the provision which reads, in part, as follows: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . . ." *Leahey* v. *Heasley,* 127 Conn. 332, 334, 16 A.2d 609. The word "when" has been construed to mean "whenever." *Noren* v. *Wood,* 72 Conn. 96, 98, 43 A. 649. The issue must be formed by the pleadings in writing. See *Avon Mfg. Co.* v. *Andrews,* 30 Conn. 476, 488.

Amercoat, not yet having pleaded to Norwalk's cross complaint filed under the Pfotzer third party action, makes the claim that when Transamerica filed its answer on April 20, 1970, to the Amercoat complaint, the issue of fact was joined and that Pfotzer waived the right to trial by jury by claiming the case "on June 20, 1972," being "more than ten days after issue was joined." This contention is without merit since Amercoat points only to the joining of issue related to its original action and fails to recognize the existence of the subsequent

third party action brought by Pfotzer against Norwalk. The writ, summons and complaint served by Pfotzer on Norwalk was "equivalent in all respects to an original writ, summons and complaint, and the person upon whom it is served, hereinafter called the third-party defendant, shall have available to him all remedies available to an original defendant . . . ." Practice Book § 78A.

In the case at bar, the third party complaint was dated October 27, 1969, and was made returnable on November 11, 1969, and the claim for a jury trial having been filed April 7, 1970, it is clear that the thirty-day period provided by § 52-215 has no application for the reason that more than thirty days elapsed since the return day of the third party complaint. We are confronted, however, with whether the ten-day period under the statute may benefit Pfotzer in view of the jury claim of April 7, 1970, especially in light of the fact that the issue between Pfotzer and Norwalk was not joined until May 19, 1970, when Norwalk replied to Pfotzer's special defense. In *Fuller* v. *Johnson,* 80 Conn. 493, 494–95, 68 A. 977 (an action under the then § 720, Rev. 1902, essentially the same as § 52-215), where a request was made to place the case on the jury docket but there was a failure to claim it within thirty days of the return day, this court held: "After the lapse of this thirty-day period, he [the defendant] had another opportunity to make it a jury case if issue should be subsequently closed, and he should make due request within ten days after it was so closed. *McKay* v. *Fair Haven & W. R. Co.,* 75 Conn. 608, 54 Atl. 923. His request remained in the files until an issue was joined. . . . The request, never having been recalled, was a continuing authority" to the clerk to place the cause on the jury docket upon the

joining of issue. Thus, in light of the April 7, 1970 claim for the jury list, when the issue between Pfotzer, the third party plaintiff, and Norwalk, the third party defendant, was joined, the third party suit between them was required to be entered on the jury docket. The fact that on June 20, 1972, a further request was made claiming a trial by jury is construed by us as a needless act. This second claim, no doubt, comes about as a result of lack of knowledge regarding our practice and procedure reflected in the action taken through the pro se appearance by Pfotzer. When laymen appear pro se, we follow our usual liberal policy and consider their claims so far as they are fairly presented. *Engelhard* v. *Capewell Mfg. Co.*, 137 Conn. 32, 34, 74 A.2d 476.

As to the original action brought by Amercoat, the claim by Pfotzer for a jury trial, as may relate to the issues therein, comes too late and the court was correct in denying the Pfotzer motion insofar as it related to that action. As to the third party action brought by Pfotzer, however, the court was in error in denying the Pfotzer motion for a jury trial of the issues raised in that action since that claim was timely made.

There is error and the case is remanded with direction to grant the Pfotzer motion to place the case on the jury docket but limited only to that portion of the case arising from the third party action wherein Pfotzer is the third party plaintiff and Norwalk is the third party defendant.

In this opinion the other judges concurred.