On May 9, 1978, the plaintiff petitioned the trial court under oath to adjudge the defendant to be the father of an illegitimate child. Because the plaintiff prematurely claimed the case for the trial list; see Practice Book 253; it was assigned on the trial list before the issues were closed. Thereafter, on July 6, 1979, the defendant filed a general denial and, at the same time, claimed the case for the jury docket and paid the required fee. One week later, the court granted the plaintiffs motion to strike the defendant's jury claim as being untimely.
On August 12, 1979, the defendant reclaimed the case for the jury trial list. The court denied the defendant's subsequent motion to place the matter on the jury trial list. Finally, on September 17, 1979, the court denied the defendant's request to reargue his motion for a jury trial.
After a hearing before the court on June 24, 1980, the defendant was declared to be the father of the child, as alleged. Contending that his denial of a jury trial was in error, the defendant moved to set aside the judgment and for a new trial. The court denied his motion and he thereafter appealed.
Section 52-215 of the General Statutes provides that "[w]hen ... an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party to the clerk." (Emphasis added.) To enter a case on the jury docket the claiming party must do so no later than "within ten days of the closing of the issues...." Kuser v. Orkis, 169 Conn. 66,75, 362 A.2d 943 (1975); see Amercoat Corporation v. Transamerica Ins. Co., 165 Conn. 729, 732,345 A.2d 30 (1974); Leahey v. Heasley, 127 Conn. 332, *Page 885 
334, 16 A.2d 609 (1940). The defendant's claim for a jury trial, filed concurrently with his answer on July 6, 1979, fell well within the ten-day period prescribed by the 52-215. Accordingly, the trial court's refusal to place the case on the jury docket constituted error.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion DALY and COVELLO, Js., concurred.