[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE DEFENDANTS' CLAIM FROM JURY DOCKET
The plaintiff, Connecticut National Bank, commenced this action against the defendants, the Grella Family Investment Partnership, Edward Grella, and Joanne Karkut, to foreclose on a mortgage dated June 21, 1990. The plaintiff alleges that the defendants mortgaged two improved parcels of land to the CT Page 9642 plaintiff in order to secure a promissory note issued by the plaintiff to the defendants (pursuant to which the defendants were obligated to pay the plaintiff the principal amount of $500,000.00, plus interest).
The defendants filed amended special defenses and counterclaims on January 11, 1993. In the first special defense, the defendants assert that the mortgage note and deed are unenforceable due to lack of consideration. In the second special defense, the defendants allege that "a portion of the money given to the [d]efendants was not a loan but rather was consideration for the [d]efendants agreeing to lease their property . . . to the [p]laintiff . . .," and therefore, the mortgage deed and note are invalid. In the third special defense, the defendants allege that the plaintiff breached its implied covenant of good faith and fair dealing. In their remaining counterclaim (two of the defendants' three counterclaims were stricken by this court [Leheny, J.] on August 19, 1993), the defendants allege that the plaintiff breached its implied covenant of good faith and fair dealing. The plaintiff filed its reply and answer to the defendants' special defenses and counterclaim on September 2, 1993. On September 22, 1993, the defendants filed a claim for jury trial and a claim for the civil trial list.
On October 5, 1993, the plaintiff filed a motion to strike the defendants' claim for jury trial and claim for the civil trial list. The plaintiff raises the following arguments in support of its motion: (1) that the defendants' claim for a jury trial was untimely filed; (2) that there is no right to a jury trial in the present case because a foreclosure action is equitable in nature; and (3) that the defendants waived their right to a jury trial pursuant to the terms of the promissory note.
General Statutes 52-215 provides in pertinent part that "[w]hen . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered into the docket as a jury case upon the request of either party made to the clerk. . . ." (Emphasis added.) The right to a civil jury trial is deemed waived if it is not claimed within the time constraints specified in General Statutes 52-215. See Leahey v. Heasley, 127 Conn. 332, 336, 16 A.2d 609 (1940). "It is well settled that a claim for a jury trial must be filed no later than ten days after the pleadings have been closed." Masto v. CT Page 9643 Board of Education, 200 Conn. 482, 488, 511 A.2d 344 (1986). In the present case, the pleadings were closed on September 2, 1993, and the defendants' claim for a jury trial was filed on September 16, 1993. Thus, the defendants' claim for a jury trial is untimely, as it was not filed within the ten day period specified in 52-215. The court could grant the plaintiff's motion to strike based on the defendants' failure to timely file their claim for a jury trial.
There also exists a second ground for striking the defendants' claim. Even if the defendants had filed their claim for a jury trial in a timely manner, they would not have a right to a jury trial. "When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims." United States Trust Co. v. Bohart, 197 Conn. 34, 45,495 A.2d 1034 (1985). "Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers." (Citation omitted.) Id. A foreclosure action is equitable in nature. Hartford Federal Savings Loan Association v. Tucker, 196 Conn. 172, 175, 491 A.2d 1084 (1985); Savings Bank of New London v. Santaniello, 130 Conn. 206, 209,33 A.2d 126 (1943). Several recent Connecticut Superior Court decisions have held that there is no right to a jury trial in an action to foreclose a mortgage, even though special defenses and counterclaims may raise some legal issues. See, e.g., People's Bank v. Podd, 10 CTLR 83, 84 (October 25, 1993, Leheny, J.) (defendant cannot by assertion of special defenses and counterclaims which are "legal" in nature, convert a foreclosure action into a legal cause of action which would require a jury trial); Continental Bank v. Willard Square, 8 CSCR 573 (April 23, 1993, Aurigemma, J.); 669 Atlantic Street Associates v. Atlantic-Rockwin Stamford Associates, 6 CSCR 530,4 Conn. L. Rptr. 42 (1991) (Lewis, J.), Connecticut National Bank v. 1234 Summer Street Limited Partnership, 3 Conn. L. Rptr. 33 (1991) (Lewis, J.); CSB Financial Corp. v. Levy, 3 Conn. L. Rptr. 503
(1991) (Ryan, J.). Contra, Northeast Savings, FA v. Plymouth Commons Realty Corp., 4 Conn. L. Rptr. 289 (1991) (Satter, J.).
The plaintiff's motion to strike the defendants' claim from the jury docket is granted. CT Page 9644