[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert C. Thies, instituted this action against four named defendants, three of whom have settled their claims with the plaintiff.
The remaining defendant, Union Carbide Chemicals and Plastics Company, Inc. (Union Carbide), seeks to strike the plaintiff's claim to the jury docket filed October 10, 1998.
The defendant contends that the pleadings were closed as to the defendant, Union Carbide, on November 11, 1995, and therefore the claim is untimely.
The plaintiff argues that the pleadings were not finally closed until October 18, 1998, when withdrawals were filed as to the three codefendants.
The pleadings as to the three codefendants were not closed when the actions were withdrawn.
On October 19, 1998, the plaintiff filed a certificate of closed pleadings, along with the jury claim.
The plaintiff maintains that the provisions of § 52-215[1]
of the Connecticut General Statutes permits the filing of a jury claim "when an issue of fact is joined."
Since the pleadings were not closed as to all defendants at the time of the withdrawal, he contends that the jury claim was proper because it was filed "within ten days" after the joining of an issue of fact.
Section 52-215 permits a case to be entered on the jury docket at the request of either party, within ten days after an issue of fact is joined. Amercoat Corporation v. TransamericaInc. Co., 165 Conn. 729, 732 (1974); Home Oil Co. v. Todd,195 Conn. 333, 339 (1985).
Since the filing of the withdrawals of action had the effect CT Page 4605 of joining; issues of fact, the filing of the jury claim within ten days of the filing of the withdrawals was timely.
It should be noted, however, that § 52-215 permits a case to be entered on the jury docket in the discretion of the court even if there has been no compliance with the time limitations. Falkv. Schuster, 171 Conn. 5, 7 (1976).
Therefore, on the facts presented here, even if the defendant's hypertechnical interpretation is accepted, it is not fatal to the plaintiff's quest for a jury trial.
The motion to strike of the defendant, Union Carbide, is denied.
Radcliff, J.