[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON REQUEST FOR SUBMISSION OF ISSUES OF FACT TO JURY
The Travelers Property and Casualty Insurance Company ("Travelers") instituted this declaratory judgment action by writ, summons and CT Page 13350 complaint dated January 6, 1998 against Defendant Hartford Areas Rally Together, Inc.("H.A.R.T."), and Mi Casa Family Services and Educational Center, Inc. seeking that the court declare that the Travelers has no duty to defend and provide insurance coverage for claims arising out of an automobile accident that occurred on August 8, 1997 and resulted in the death of Karol Cortes.
On August 3, 1999, the Estate of Karol Cortes by the Administrator d/b/n Henry C. Winiarski, Jr. (the "Estate") moved to be joined as a party defendant in this declaratory judgment action pursuant to Connecticut General Statutes § 52-102 (1) on the basis that it had an interest adverse to that of the plaintiff, but not adverse to the interests of the defendants "in that both parties seek to invoke the insurance policy issued by Travelers to provide insurance coverage for the underlying automobile accident." Motion for Joinder of Party Defendant ¶ 6. That Motion was granted by this court, Gaffney, J. on September 8, 1999. Thereafter the Estate filed a document which purported to be an answer, which stated as to each count of the Complaint: "As the [first]count of the complaint is not directed at this Defendant, the Estate of Karol Cortes by the Administrator D/B/N Henry C. Winiarski, Jr., no answer is provided." The Estate of Karol Cortes also filed a jury claim.
By Motion dated June 15, 2000 Travelers moved to strike the Estate's jury claim on the grounds that 1) the jury claim was not timely under Connecticut General Statutes § 52-215 because it was not filed within 30 days after the return date, nor within ten days after an issue of fact was joined and 2)even if the jury claim had been timely filed, the action was a special statutory proceeding not triable before a jury prior to January 1, 1880, and therefore the case was not properly triable before a jury pursuant to Connecticut General Statutes § 52-215.
On July 26, 2000 this court granted the Motion to Strike the Estate's claim from the jury list stating that,
 Whether or not case timely claimed for jury, it is not one for which jury trial is available per C.G.S. § 52-215. Trial judge, however, may still determine that P.B. § 17-56(a)(6) requires that a jury be empaneled to decide "issues of fact necessary to the determination of the cause,' based upon the pleadings and offers of proof at the time of trial. See U.S. Fidelity Guaranty Co. v. Spring Brook Farm Dairy, Inc., 135 Conn. 294, 298-99 (1949).
Actions for declaratory judgments were created by a statute enacted in CT Page 13351 1921, Public Acts, 1921, Chap. 258, and, therefore, they "are under [Connecticut General Statutes § 52-215] to be entered upon the court docket." U.S. Fidelity Guaranty Co. v. Spring Brook Farm Dairy, Inc.,135 Conn. 294, 298-99, 64 A.2d 39 (1949). However, "[a]s regards statutory actions created since 1818 [when Connecticut adopted its constitution] within the scope of which fall issues which, if presented in ordinary actions, might be determined either at law or in equity, the right of trial by jury as to the former still exists. U.S. Fidelity Guaranty Co. v. Spring Brook Farm Dairy, Inc., 135 Conn. 294, 297,64 A.2d 39 (1949).
Practice Book § 17-56, Procedure for Declaratory Judgment, provides in pertinent part:
 (a) Procedure in actions seeking a declaratory judgment shall be as follows:
 (1) The form and practice prescribed for civil actions shall be followed.
. . . . . .
 (6) Issues of fact necessary to the determination of the cause may be submitted to the jury as in other actions.
Emphasis added.
The court rules that no party is entitled to have any issue tried before the jury for two reasons. First, under U.S. Fidelity GuarantyCo. v. Spring Brook Farm Dairy, Inc., 135 Conn. 294, 297, 64 A.2d 39
(1949) and Practice Book § 17-56, if there are issues to be tried before a jury, those issues should come before a jury "as in other actions." That is, the party seeking the jury trial must comply with § 52-215. The Connecticut Supreme Court has stated:
 General Statutes 52-215 "provides two periods of time within which an issue proper for trial by jury may be entered in the jury docket. One is "within thirty days after the return day.' The other is contained in the provision which reads, in part, as follows: "When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . ." Leahey v. Heasley, 127 Conn. 332, 334, 16 A.2d 609 [1940]." AmercoatCT Page 13352 Corporation v. Transamerica Ins. Co., 165 Conn. 729, 732, 345 A.2d 30 (1974), cert. denied sub nom. Pfotzer v. Amercoat Corporation, 431 U.S. 967, 97 S.Ct. 2926, 53 L.Ed.2d 1063 (1977); see also Noren v. Wood, 72 Conn. 96, 98, 43 A. 649 (1899)
. . . . . .
 To ascertain whether the defendant's claim for a jury trial was timely, we must determine when the ten day period began to run, that is, "[w]hen . . . an issue of fact [was] joined." General Statutes 52-215. We have said in this context that "[t]he word "when' has been construed to mean `whenever.' Noren v. Wood, supra, 98]." Amercoat v. Transamerica Ins. Co.,
supra, 732. We also have recognized that the issue of fact "must be formed by the pleadings in writing. See Avon Mfg. Co. v. Andrews, 30 Conn. 476, 488 [1862]." Amercoat Corporation v. Transamerica Ins. Co., supra.
Home Oil Co. v. Todd, 195 Conn. 333, 339-40, 487 A.2d 1095 (1985).
No party other than the Estate has filed a jury claim. The Estate did not claim this case to a jury within 30 days of the return date, and did not claim it to a jury within 10 days after an issue of fact was joined. The Estate's interest in this case is derivative of H.A.R.T.'s interest. The Complaint contains no allegations against the Estate. By its own terms the Estate's "Answer" did not respond to the allegations of the Complaint and clearly did not join any issue of fact. Thus, the Estate has no right to have the case before a jury.
The second reason why there is no need to have this action tried to a jury is that there is little or nothing for a jury to decide. Most, if not all material facts in the case are not at issue. On October 4, 2000, the date on which the case was originally scheduled to go forward, Travelers and H.A.R.T. were prepared to stipulate that Travelers had produced a notice of cancellation with respect to the automobile, fire, excess umbrella and liability insurance policies of H.A.R.T. effective August 3, 1997, that the notices of cancellation were mailed on July 14, 1997, that Travelers did not receive payment from H.A.R.T. by August 3, 1997 and that the policies were canceled for nonpayment on August 3, 1997. They were also prepared to stipulate: that Karol Cortes was killed on August 8, 1997 after exiting a van insured under H.A.R.T.'s policy with Travelers; when H.A.R.T had notice of the accident; what H.A.R.T.'s agents did or did not tell Travelers about the accident; and the facts surrounding H.A.R.T. "s attempt to reinstate the policies after the CT Page 13353 accident had occurred.
In this case, the only issue remaining is a legal one — whether Travelers had a duty to defend and indemnify the defendants under contract principles. It is well established that the construction of an insurance contract presents a question of law. Peerless Insurance Co. v.Gonzales, 241 Conn. 476, 483, 697 A.2d 680 (1997). Therefore, it appears that the question before this court is "a question of law rather than fact and would not be triable to a jury prior to 1818, prior to 1880 or today." Town of Wallingford v. Reliance Insurance Co., 2000 WL 125015, *5 (Conn.Super. 2000).
The court has given the Estate of Karol Cortes the opportunity to present an argument that the law applicable to a determination of Travelers' duty to defend and indemnify turns, in part, on facts which remain at issue. The Estate has failed to present any such law.
Based on the foregoing this action will proceed before the court on November 7, 2000.
By the court,
Aurigemma, J.