## CAROLINE CRANDALL AND OTHERS' APPEAL FROM PROBATE.

Hartford Dist., Oct. T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

Upon the question of the mental capacity of a testator or of undue influence used in procuring the will, the contents of the will are to be considered. Where its provisions under all the circumstances seem just and reasonable it is a circumstance tending to prove capacity and to disprove undue influence, while if its provisions are unjust or unreasonable they would tend to prove the contrary.

Where the attesting witnesses of a will are called to testify to the testator's capacity their testimony is not entitled to special consideration by reason of the mere fact that they are attesting witnesses. Its value

must depend, as in the case of all other witnesses, upon their opportunity for observation of the testator.

And as to their observation of him at the time the will was executed, they stand precisely like other witnesses who may have observed him at that time.

[Argued October 3d—decided October 25th, 1893.]

APPEAL from a decree of a probate court approving the will of Ebenezer Farrows; taken to the Superior Court in Windham County, and tried to the jury before *Hamersley, J.* Verdict against the will and appeal by the original appellees for errors in the charge of the court. The case is fully stated in the opinion.

*C. E. Searls* and *J. H. Potter*, for the appellants (original appellees.)

*E. M. Warner* and *L. B. Cleveland*, for the appellees (original appellants.)

CARPENTER, J. This is an appeal from a probate decree establishing the last will and testament of Ebenezer Farrows. The will was attacked on two grounds—mental incapacity and undue influence. On the trial to the jury the proponents of the will presented to the court several requests to charge the jury. These requests were not complied with in terms, and the appellees insist that they were not complied with in substance. The jury returned a verdict against the will, and the appellees appealed to this court.

The reasons of appeal allege that the court erred in respect to each of the six requests. We will consider the requests in their order.

The first request is as follows :— " The jury have nothing to do with the equity or inequity of the testamentary dispositions of property, provided they believe from the evidence that the alleged testator had sufficient mental capacity to make a will, as explained in these instructions, and that the will was made of his own free will by the testator."

This request is somewhat ambiguous, at least its precise

meaning is obscure, so that if given literally it might and probably would have been misleading or confusing. If by the request it was intended that the jury should be instructed that the terms of the will should be entirely disregarded in considering the evidence tending to prove and to disprove capacity or undue influence, the request clearly should not have been complied with. Mr. Chamberlin, in his work on American Commercial Law for Business Men, on page 854, says, "If the will was written by the testator himself, the character of its contents is the highest evidence of his capacity or incapacity." And we may add that even if the will was dictated by the testator, and its provisions under all the circumstances seem to be just and reasonable, that certainly is a circumstance tending to prove capacity and to disprove undue influence, precisely as an absurd or unreasonable will tends to prove the contrary. Such seems to be the teaching of 1 Swift's Digest, 140,— "If the disposition of the estate be very unreasonable and improper, as giving it to strangers, or all to one child, this will be a strong circumstance from whence to infer undue influence and want of understanding."

It may be suggested that the meaning is, that if the jury find from all the evidence, giving the character of the contents of the will its due weight as evidence, that the testator had sufficient testamentary capacity, etc., then the equity or inequity of the disposition of the estate should not invalidate the will. If that is its true meaning we think counsel were singularly unfortunate in their use of language. It is not probable that the court so understood the request, and it is quite certain that, if the charge had been given as requested, the jury would not have so understood it without considerable explanation. The court is not bound to charge in the language of a request when the language will be likely to be misunderstood without further explanation.

It is apparent that the word "evidence," as used in the request, signifies that given by witnesses as distinguished from the contents of the will. While the latter is evidence in a broad sense, yet it is manifest that the word was used

in a more limited sense. As thus used the obvious meaning of the request is that the contents of the will should be excluded as evidence on the main issue. That is not law, and the instruction was properly refused.

The second request is—"The jury should give special prominence to the testimony of the three attesting witnesses, both upon the question of capacity and of undue influence, because they were present at the time and place of the execution of the will and had the means and the opportunity of judging of the testator's capacity, and are regarded in the law as placed around the testator in order that no fraud may be practiced upon him in the execution of the will and to judge of his capacity."

The effect of a compliance with this request would have been to place the attesting witnesses upon a higher plane in the estimation of the jury on the question of capacity and of undue influence than other witnesses, although the latter may have had equal or even superior means of knowledge. That was, in effect, the claim of the appellees. And they now claim that the refusal of the court to comply with this request was an error which entitles them to a new trial. We are aware of no principle of law, or of any adjudged case, which will justify this claim as broadly as it is here made.

In the eye of the law all witnesses of equal intelligence, and with equal means of knowledge, are equally credible. Had there been three other witnesses present, and their attention had been called to the condition of the testator, precisely as was that of the attesting witnesses, we know not why their testimony would not have been entitled to the same consideration on the question of capacity and of undue influence. As the case stood, the attesting witnesses were present when the will was executed, and had an opportunity to observe the condition of the testator at that precise time. The other witnesses were not present, and had no such opportunity. So far as that matter was concerned the appellees had the full benefit of it; for the jury were fully and clearly told that the question was as to the condition of the testator at that time, and that the nearer to that time the wit-

nesses observed him the more important was their testimony. We know of no other advantage that those witnesses had in respect to the questions in issue. The appellees cite and rely upon *Field's Appeal from Probate*, 36 Conn., 277. But that case does not sustain their claim.

The third, fourth, fifth and sixth requests were fully complied with by the court. As no question of law is presented under them it is unnecessary to notice them further.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.