## FREDERICK E. FULLER *vs.* WILLIAM S. JOHNSON.

First Judicial District, Hartford, January Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The placing of a case upon the jury docket pursuant to a written request filed more than thirty days after the return day but before an issue of fact is joined, is irregular and unwarranted by General Statutes, § 720; but if the request is not recalled it operates as a continuing authority to the clerk, and confirms his act as soon as the ten-day period after issue joined is reached, during which he could have done according to law that which he had previously assumed to do without such authority.

An appellant is not injured by the refusal of the trial court to allow a bill of exceptions which contains only facts which are fully set forth in its special finding.

The right to prefer a jury trial is one secured by the Constitution, while the preference for a trial to the court is equally secured, under certain circumstances, by § 720 of the General Statutes. Judicial notice will be taken that parties often prefer one to the other.

A party cannot have the benefit of a written entry, as such, merely by reading it from his memorandum book while on the witness-stand; the entry itself must be laid in for examination by the trier, otherwise the evidence is purely oral.

In the present case the entry as read, consisted of a credit of a certain sum of money to the defendant on account at a certain date, which was after the commencement of the suit; thereupon the trial judge said to the jury that the entry could not affect the defendant unless it was brought to his attention; that it did not show that he had paid the money; and that its only use was to lay a basis for an inference that the plaintiff continued to regard the defendant as responsible. *Held* that under the circumstances the ruling and comments of the court were quite as favorable to the plaintiff as he could ask.

The off-hand remarks of a trial judge in announcing an interlocutory ruling are not a proper subject of minute and verbal criticism.

Argued January 15th—decided March 5th, 1908.

ACTION to recover for stenographer's services, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for defendant. *No error.*

Fuller *v.* Johnson.

*William M. Maltbie,* for the appellant (plaintiff).

*Charles E. Perkins* and *James L. Loomis,* for the appellee (defendant).

BALDWIN, C. J.   This action was brought on the common counts.   The return day was November 6th, 1906. On November 20th a bill of particulars was filed, and on December 10th there was filed a request to the clerk to place the cause on the jury docket, which he thereupon did.   No issue was joined until January 2d, 1907, and all the issues were joined on February 7th.   In April the plaintiff moved to have the cause stricken from the jury docket, because no written request to place it thereon was made within thirty days after the return day, nor within ten days after an issue of fact was joined.   This motion the court denied.   He then filed a bill of exceptions to the denial, and asked for its allowance, but the court did not allow it.

By General Statutes, § 720, such an action " shall be entered on the jury docket upon the written request of either party made to the clerk within thirty days after the return day," and if " an issue of fact is joined, after said period, the case may, within ten days after such issue of fact is joined, be entered in the jury docket upon the request of either party made to the clerk," and " may, at any time, be entered in the jury docket . . . by order of court."

The defendant's request of December 10th, 1906, not being filed until after thirty days from the return day, was, as things then stood, insufficient to warrant placing the cause on the jury docket.   After the lapse of this thirty-day period, he had another opportunity to make it a jury case if issue should be subsequently closed, and he should make due request within ten days after it was so closed.   *McKay* v. *Fair Haven & W. R. Co.,* 75 Conn. 608, 54 Atl. 923. His request remained in the files until an issue was joined. If a similar request had been filed then, it would have been the duty of the clerk to enter the cause on the jury docket.

*Noren* v. *Wood*, 72 Conn. 96, 43 Atl. 649. He had already so entered it. The request, never having been recalled, was a continuing authority, and confirmed his act, as soon as the time arrived when he could have done according to law that which he had previously assumed to do without such authority. The cause was therefore properly tried to the jury.

The refusal of the Court of Common Pleas to allow the bill of exceptions tendered by the plaintiff, showing the facts above stated, did him no injury, as the facts are fully stated in its special finding. It has been argued that there was no occasion to state them, because the refusal to transfer the cause to the court docket could not have harmed the plaintiff, or constituted any ground for a new trial, inasmuch as, on whichever docket it stood, he was sure of a fair hearing before an impartial tribunal. We cannot, however, fail to take judicial notice of the fact that parties often have a decided preference as to the mode of trial. The right to a preference by either for a jury trial is secured by the Constitution of the State. The right of either to a preference for a trial to the court is equally secured, under certain circumstances, by the statute which has been cited, under which a waiver of a jury may be implied, and when implied is irrevocable, although it may be in effect vacated by order of the court.

On the trial on the merits it was undisputed that the plaintiff had rendered services as a stenographer before a court of inquiry, and had made two transcripts of the testimony. The plaintiff testified that he sent a bill for the services and both transcripts to the presiding member of the court of inquiry, and another like bill to the defendant, and that the defendant was legally chargeable with the amount of the bill on a contract either express or implied. The defendant denied any liability. Pending the action, the city of Putnam paid the bill with the exception of the charge for one of the transcripts.

The plaintiff, on the trial, produced a memorandum book, and after testifying that he was accustomed to use it as a

book of account, read an entry dated June 28th, 1906, tend-
ing to sustain his contentions, and this entry was thereupon
put in evidence. He then stated that in the following No-
vember (which was the month following that when this suit
was brought) he received, by a check of the city treasurer,
the payment above mentioned, and made the following en-
try on the memorandum book, in the usual course of busi-
ness: "On November 13th, W. S. Johnson, on account,
$124.12." His counsel offered the evidence thus given
"as being of the same rank and character as would be the
offer of an account book which contained entries made in the
day and time of it," and as confirmation of the witness'
statement that he was employed by the defendant, and made
the entry "in accordance with the fact on the day when
the transaction took place." The court, however, told the
jury that so far as the memorandum of the November credit
purported to bind the defendant, it had no weight unless it
was brought to his attention; that it did not show in any
way that the defendant paid the money; and that the only
use that could be made of it was as a basis for an inference
"that this man continued to regard Mr. Johnson as re-
sponsible."

The question raised by the exception taken to this action
of the court is not whether the memorandum book could
have been admissible, if laid in, and if so, what would have
been its effect. Only one entry from it was laid in, and
that not the one referred to in the observations to the jury.
The evidence before them was the testimony of the plain-
tiff that there was on the memorandum book then in his
hands an entry of a certain credit made by him at a certain
time. This evidence was purely oral. Had he desired
the benefit of the written entry, he should have offered to
lay it in for the examination of the jury. Not having thus
produced what was plainly the best evidence, the ruling of
the court and its remarks to the jury were, to say the least,
quite as favorable to the plaintiff as he could ask.

It is suggested that the use by the court of "this man"
as the term to designate the plaintiff, and "Mr. Johnson"

as that to designate the defendant, tended to cast a slur upon the former, and so to prejudice the jury against him. The off-hand remarks of a trial judge in announcing an interlocutory ruling, are not the proper subject of such minute and verbal criticism.

There is no error.

In this opinion the other judges concurred.