GEORGE P. ROWELL *vs.* P. SANFORD ROSS ET AL.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

It is error to render judgment in favor of a defendant who in open court admits his liability and consents to a judgment against himself for the full amount claimed by the plaintiff in the *ad damnum* clause.

While an attorney has no general authority, by virtue of his retainer, to employ counsel or associate attorneys at his client's expense, yet the client cannot take the benefit of the services of an associate or substitute attorney, knowing of his employment as counsel and by his conduct assenting thereto, without becoming liable for the reasonable worth of the services rendered.

In the present case the defendant R employed the defendant H, a New York attorney, to collect a judgment, knowing that H had not been in active practice of late years and believing that he might find it necessary to employ counsel in some other State. A few weeks after H had employed the plaintiff, a Connecticut attorney, R was informed of that fact and made no objection, and he was thereafter cognizant in a general way of the services the plaintiff was rendering, and later came to the plaintiff's office with H and obtained full information respecting the plaintiff's past services and those likely to be rendered by him in the future. These services finally resulted in a judgment in R's favor, upon which the plain-

Rowell *v.* Ross.

tiff collected $12,500. *Held* that under these circumstances the defendant R was responsible for the reasonable worth or value of the plaintiff's services.

When a case is sent back by this court to a lower court for retrial, it goes back to that docket—court or jury—upon which it previously stood.

Our statutes make no provision for the transfer to the jury docket of a case which has once been tried to the court and sent back for a retrial, unless an issue of fact is joined after the cause is remanded, or unless the court in its discretion orders it to be tried to the jury.

Argued April 19th—decided June 14th, 1917.

ACTION to recover for services rendered as an attorney at law, brought to and tried by the Superior Court in Fairfield County, *Williams, J.;* facts found and judgment rendered for the plaintiff to recover $3,000 from the defendant Ross, and in favor of the defendant Hance, from which both Ross and the plaintiff appealed. *Error on plaintiff's appeal; no error on defendant's appeal.*

*Israel J. Cohn,* for the appellant (defendant Ross).

*John C. Chamberlain,* with whom was *George P. Rowell,* for the appellant (plaintiff).

BEACH, J. This is the third appearance of this case in this court. The material facts are stated in 87 Conn. 157, 87 Atl. 355. On the last appeal a new trial was ordered, largely because the trial court excluded the testimony of the defendant Hance as to the terms of his employment by the defendant Ross, and thus deprived the defendants of a fair trial as to that branch of their defense.

When the case was tried again, the defendant Hance did not appear as a witness in his own behalf, or on behalf of Ross; but admitted his liability and consented in open court to a judgment against himself for the

full amount of the *ad damnum* clause. Nevertheless, the court gave judgment in Hance's favor, and this we think was error. The plaintiff was induced by the consent to withhold his proofs as against Hance, and it is hardly fair to require him on this appeal to make out a case, which he was not required to make in the trial court. Moreover, it is conceded on the brief by counsel who represented Hance on the trial, that the court erred in rendering judgment in Hance's favor.

The appeal of the defendant Ross turns almost wholly upon the question whether Hance, as attorney for Ross, had general or special authority to employ the plaintiff as personal attorney for Ross so as to charge Ross with liability for the reasonable value of the plaintiff's services; and if not, whether Ross has made himself liable therefor by dealing with the plaintiff as his personal counsel after knowledge that he was acting as such.

The findings of the trial court are sufficient to support the judgment against Ross upon either of these theories. They are vigorously attacked, and it is assigned as error that the trial court erred in finding as appears by fourteen separate paragraphs of the finding, and in refusing to find as requested in twenty-four separate paragraphs of the draft-finding. It is, however, unnecessary to pursue these assignments of error in detail, because the essential facts on which the liability of Ross rests are not seriously disputed. It is sufficiently established by the evidence that at the time Ross employed Hance to collect the judgment, he knew that Hance had not been active of late years in the practice of the law and had reason to believe that it might be necessary for him to employ counsel in some other State; that within a few weeks after Hance employed the plaintiff, Ross was informed of the fact and made no objection to it; that he was thereafter

Rowell *v.* Ross.

informed from time to time in a general way of the services that the plaintiff was rendering, and that about a year and a half after Hance had employed the plaintiff Ross came with Hance to the plaintiff's office and was fully informed as to services which had been rendered and would probably be rendered thereafter by the plaintiff. These services finally resulted in a judgment for $17,500, which the plaintiff settled for $12,500.

The court has found that there was no express agreement between Ross and Hance that the latter should collect the judgment upon the so-called ten per cent basis. This finding is excepted to, but the depositions and testimony of the defendants on this point were so contradictory and unsatisfactory as to justify the court in finding as it did. Moreover, as pointed out in 87 Conn. 157, 87 Atl. 357, the character and extent of the plaintiff's services and the subsequent conduct of Hance when the plaintiff consulted him as to his fees, are not consistent with the existence of a special contract between the plaintiff and Hance; and they are equally inconsistent with the existence of such a contract between Hance and Ross.

The defendant relies on the rule that an attorney has no general authority to employ counsel or associate attorneys at his client's expense, and claims that there was no sufficient evidence of special authority or ratification. The rule relied on is correct, but we cannot assent to the proposition that the defendant Ross can take the benefit of the plaintiff's services, knowing that he was employed as counsel in the case, and assenting by his conduct to such employment, without becoming liable for the reasonable worth of the services rendered. The authorities on this subject are quite numerous and some of them very much in point.

"It is elementary law that an attorney in a particular

case has no general authority, by virtue of his retainer, to employ other counsel, either by way of substitution or as assistant or associate counsel, at the expense of his client. But where the employment of the original attorney is general in its character, and amounts to an agency in the legal business of his client, or where the authority or the subsequent assent on the part of the client to the employment of additional counsel can fairly be inferred from the facts of the case, the client will be bound by such employment." *Northern Pac. Ry. Co.* v. *Clarke*, 45 C. C. A. 635, 637, 106 Fed. Rep. 794, 797. "If the attorney, who has the management of the suit, employ an assistant at the trial, and the client is present, and sees the person, thus employed, assist in managing and conducting the suit, the inference would be strong, if not irresistible, that he consented to such employment, and he would be liable for the fees of the assisting counsel." *Briggs* v. *Town of Georgia*, 10 Vt. 68, 70. Where an attorney employs counsel, it is a question of fact whether he did not become personally liable for his fees, although for the benefit of his client. But if the client be present at the trial he is liable for the services of counsel, although there was a secret agreement by the attorney that he would pay for them. Weeks on Attorneys at Law (2d Ed.) p. 504. "The plaintiff was employed in the case through the agency of Porter, who was the attorney of record of the defendant in the suit, and who also had the management and preparation of the case for trial. The plaintiff, being thus introduced into the case, assumed the relation of counsel in the presence of the defendant, and conducted the case with his knowledge and participation, and the defendant consulted with him on the trial. This would ordinarily be quite sufficient to render the party liable for the services performed. But it is said that there was a special

agreement made between the defendant and the attorney of record, that, if senior counsel should become necessary, the attorney would pay such counsel, and that the defendant should be at no expense in relation thereto. This was a secret arrangement, unknown to the plaintiff, and one which, in the ordinary course of professional services, he had no reason to suppose might exist. It may operate as a valid contract between the parties to it; but as respects the plaintiff, it cannot under the circumstances avail the defendant. . . . We think it was the defendant's duty, before knowingly receiving the plaintiff's services and accepting him as counsel to manage his case, to inform him of the special agreement with Mr. Porter, and that the defendant was to be at no expense for the fees of the senior counsel. Not having done so, but remaining silent on the subject when he should have spoken, and when the plaintiff might have withdrawn from the case, the defendant, after choosing to avail himself of the professional services of the plaintiff, cannot now avoid a personal liability for the payment of a reasonable compensation therefor." *Brigham* v. *Foster*, 89 Mass. (7 Allen) 419, 421. See, also, 6 Corpus Juris, 668, 669, and numerous cases referred to in the notes.

The above excerpts state the rule applicable to this case with such fullness and clearness that we deem it unnecessary to add any further comment.

The defendant also claims to have been illegally deprived of a jury trial. On the first trial a jury was waived by stipulation. When the time for the second trial approached the defendants, having filed separate answers involving new issues of fact, claimed the case again for the jury docket, but failed to file within three weeks after the new issues were joined any written notice stating which, if any, of the issues they desired to be tried to the jury. For this reason the court

granted a motion to erase from the jury docket, and ordered the issues tried to the court. Since then no new issues of fact have been joined. When the case came back for the second time to the Superior Court for a new trial on the old issues of fact, the defendants again attempted to have the case put on the jury docket, and their various requests and motions to that effect were denied.

In this the court did not err. These last requests that the case be entered on the jury docket were not made either within thirty days of the return day, or within ten days after an issue of fact was joined, as required by statute. When a case is sent back to the Superior Court for a new trial, it goes back to the same docket as before. If to the court docket, it remains there unless an issue of fact is afterward joined, when it may be transferred to the jury docket on request within ten days thereafter. But the statutes make no provision for the transfer to the jury docket of a case which has been tried to the court and sent back for a new trial, unless an issue of fact is joined after the case is remanded, or the court in its discretion orders it to be tried to the jury.

There is error on the plaintiff's appeal, and no error on the defendant Ross' appeal.

In this opinion the other judges concurred.