## Harold E. Muzzy, Jr. and Dorothy A. Muzzy, d/b/a Muzzy Construction v. Cecil and Teresa Curtis

[ 253 A.2d 149 ]

February Term, 1969

Present: **Holden, C.J., Shangraw, Barney, Keyser, JJ., and Billings, Supr. J.**

Opinion Filed April 1, 1969

*Meaker & Adams* for the Plaintiffs.

*Cornelius O. Granai, Esq.,* for the Defendants.

**Barney, J.** This is a contract case tried by court. The plaintiff prevailed and the defendant has appealed.

The first issue relates to the defendants' request for a jury trial. The trial by court was held over the objection of the defendants, who pointed out that the matter appeared, by their request, on the jury list of Washington County Court for that term. The plaintiffs took the position that the attempt to set it for jury trial was out of time under County Court Rule 3(3), and requested trial by court, which was granted. "Cases shall be set by either party for trial by court or jury at least twenty days before the opening of a stated term, on a form to be furnished by the clerk."

The writ in this case was entered November 14, 1967. The last day for setting cases on the jury list at that term of court expired on February 21, 1968. The request for trial by jury was incorporated in the answer filed by the defendants March 5, 1968. Thus, insofar as compliance with the rule is concerned, the trial court was within its rights to deny the request for trial by jury.

The defendants argue a further point. They say that the right of trial by jury, even in a civil case, is so sacred and the provisions of the Vermont Constitution, Chapter II, §30, are so explicit, that procedural rules ought not to and cannot abridge it. The issue of the right of Courts to regulate the availability of trial by jury by reasonable rules was settled as early as *Jones* v. *Spear,* 21 Vt. 426, 429-430, and reaffirmed in *Martyn* v. *Curtis,* 68 Vt. 397, 398, 35 A. 333. Proper and effective administration of the courts requires that reasonable notice be given of the intention of a party to avail himself of his right, in a civil case, to put his case before a jury. Without such notice the reference of matters to juries might well become so disordered as to make the right unavailable or ineffective as to any litigant. In this case the oportunity between November 14, 1967, and twenty days before the opening of the March Term was of sufficient duration as to yield ample opportunity for notice to the clerk that a jury trial was

desired. Thus, this Court cannot say that it was an abuse of discretion for Washington County Court to deny, in this case, the tardy request for a jury trial.

The evidentiary issues in this case were sharply contested and the defendants have challenged many of the trial court's findings. The undisputed outlines of the controversy may, however, be quickly sketched.

The defendants owned a plot of land on Route 100 between Waterbury and Waterbury Center. It was their plan to put up a new building on this lot to house a projected gift shop. This involved some site preparation, filling, grading, draining, installing a septic tank and field and putting in a gravel drive. The plaintiffs were engaged to do this part of the work and did, in fact, carry it on until near the end of the project when difficulties arose. By mutual agreement, at that point, the Muzzys' operations ceased.

■ The basic disputes relate to the terms under which the plaintiffs were employed, the unreasonableness of some of the charges made, and the affect of the payments made at the end when Muzzy left the job. All of these were controverted issues of fact, and, as such, their resolution was the responsibility of the trier of fact, subject only to the requirement that his determination had appropriate evidentiary support. *Forslund* v. *Cookman,* 125 Vt. 112, 114, 211 A.2d 190.

Full review of these issues must limit itself to seeing whether the evidence which the county court had before it was such as had a legal tendency to support the findings, "for, as to the credence to be given to it, the judgment of the county court stands as the verdict of a jury." Although very recent cases such as *Montgomery* v. *Branon,* 127 Vt. 83, 86-87, 238 A.2d 650 and *Savard* v. *George,* 125 Vt. 250, 253-254, 214 A.2d 76, affirmed this proposition, it is by no means new law, since the quoted language is that of *Poland,* J. in 1858 in *Stevens* v. *Hewitt,* 30 Vt. 262, 267.

■ The evidence relating to the nature of the agreement between the parties was an irreconcilable conflict. The plaintiffs' case made out a time and materials contract for the job, while the defendants' testimony supported a fixed-price contract plus "extras." The trial court found the plaintiffs' evidence persuasive that the contract was a time and materials agreement rather than a fixed-price contract. In the presence of supporting testimony we cannot set aside that finding. *Estate of Gould* v. *McIntyre,* 126 Vt. 538, 541, 237 A.2d 125.

Much of the argument in the defendants' brief is directed toward the unreasonableness or excessive nature of certain charges made for items such as gravel fill, use of backhoe, bulldozing and other time and material charges. The findings made in these particulars rest on testimony in the case, and this court is in no position to overturn the lower court's evaluation of the conflicting evidence in the case. Supported as they are, these findings must also stand. *Anderson* v. *Knapp,* 126 Vt. 129, 134, 225 A.2d 72.

The final issue relates to the last payment made to the plaintiffs by the defendants. The findings relate that the August 1 statement furnished the defendants showed a balance due of $3,825.69. On August 11 the defendants made a payment of $1,570.00. At that time Muzzy agreed that he would charge $575.00 for the August work done to date and leave the project, which he did. The findings go on to say that the defendants attached no conditions to their payment on August 11, 1967, but simply informed Muzzy that if he wanted any more money he would have to sue for it. The finding then states that, in any event, no accord or satisfaction was pleaded by the defendants.

12 V.S.A. §1024 requires a party to affirmatively set forth and establish accord and satisfaction, among other defenses. This defense was not pleaded. Although this ground alone affords sufficient basis for affirming on this issue, we would point out that the statutory duty is twofold: First, to raise the issue by plea, and, second, to fulfill the burden of establishing issue under the evidence. From the facts as found from the evidence it is clear that, whatever the state of the pleadings, the defendants did not fulfill their obligation to sufficiently and persuasively evidence this affirmative defense. *Daigle* v. *Conley,* 121 Vt. 305, 309, 155 A.2d 744.

The lower court's decision on the facts has the necessary support in the testimony, and the findings justify the judgment rendered.

*Judgment affirmed.*