Rebecca Berman Falk et al. *v.*
Bernard B. Schuster

House, C. J., Cotter, Loiselle, Bogdanski and Barber, Js.

*(Two judges dissenting)*

Argued February 11—decision released April 27, 1976

*James R. Greenfield,* with whom was *James F. Cirillo, Jr.,* for the appellant (defendant).

*Richard L. Goldblatt,* with whom was *Malcolm L. Rashba,* for the appellees (plaintiffs).

BOGDANSKI, J. The plaintiffs, heirs-at-law of David R. Pogolofsky, deceased, appealed to the Superior Court from the admission of the decedent's will to probate. The will provided that the entire estate was to pass to Ida Schuster and her husband, the defendant Bernard B. Schuster, one of the owners of Schuster's Express which employed the testator for a period of twenty-six years prior to his death. The plaintiffs claimed that the testator lacked sufficient testamentary capacity to execute the will, and that the will was the product of undue influence exerted upon the testator by the defendant. A jury returned a general verdict finding the will to

be invalid, and from the judgment rendered the defendant has appealed, assigning error in the court's refusal to strike the case from the jury docket, in its submission of the issue of testamentary capacity to the jury without sufficient evidence, and in its refusal to submit interrogatories to the jury.

The defendant first claims that the trial court erred in permitting the case to be tried to a jury. The pleadings were closed on December 14, 1970. On March 30, 1973, a claim for a jury of six was filed by the plaintiffs, and the clerk's office entered the case on the jury docket. In August of 1973, and again at the start of trial, the defendant moved that the case be stricken from the jury docket because the claim for a jury had not been filed within the period prescribed by § 52-215 of the General Statutes. Those motions were denied.

Section 52-215 of the General Statutes provides that certain cases shall be entered in the docket as jury cases upon the written request of either party made to the clerk within thirty days after the return day or within ten days after an issue is joined. Any time thereafter, a case may be entered on the jury docket by consent of all parties or by order of the court. The defendant contends that since the request for a jury was not filed within the statutory period, the clerk should not have entered the case as a jury case; that the court's refusal to strike the case from the jury docket constituted an abuse of discretion; and that, in any event, the court's denial of the motion to strike could not be considered the same as a court order to place the case on the docket as required by the statute.

It is undisputed that this case was erroneously entered on the jury docket in the first instance, and that the plaintiff's claim for a jury could have been granted only if the court, in the exercise of its discretion, so ordered. *Rowell* v. *Ross,* 91 Conn. 702, 708, 101 A. 333. The issue of whether the plaintiffs were to be afforded a jury trial, however, was raised by the defendant's motions to strike, and, after hearing the parties, the court determined in the exercise of its discretion that the case should remain on the jury docket. That determination by the court had the same effect as the granting of a motion to place the case on the docket would have had in the first instance, and we are presented with no facts indicating that the court abused its discretion. For the court to have required a specific motion to place the case on the jury docket would have been inappropriate. The case was already there.

We next consider the defendant's claim that the court erred in refusing to submit interrogatories to the jury. The record reveals that the subject of interrogatories had been discussed in chambers, and that none of the parties had indicated a desire to have interrogatories submitted. After the charge had been completed, however, the defendant, claiming that he was surprised by the court's extensive charge with respect to testamentary capacity, and particularly with respect to insane delusions, sought to have interrogatories submitted. The court refused the request.

The trial court has wide discretion in allowing interrogatories. "For obvious reasons, the request for interrogatories should be made before argument, and counsel should be given an opportunity to make proper comment thereon." *Meglio* v. *Comeau,* 137

Conn. 551, 555, 79 A.2d 187; see *Keeler* v. *General Products, Inc.*, 137 Conn. 247, 252, 75 A.2d 486; *Smith* v. *Waterbury & Milldale Tramway Co.*, 99 Conn. 446, 452, 121 A. 873. The court did not abuse its discretion in the present case.

The defendant's final claim is that since there was no evidence from which the jury could have reasonably found that the decedent was suffering from insane delusions or that he otherwise lacked testamentary capacity at the time the will was executed, the court erred in submitting those issues to the jury. The defendant, as the proponent of the will, had the burden of proof with respect to testamentary capacity, and the evidence which he offered on that issue was not undisputed. See, e.g., *Berkeley* v. *Berkeley*, 152 Conn. 398, 402–403, 207 A.2d 579. The plaintiffs produced evidence from which the jury could have reasonably found that the testator was unaware of the natural objects of his bounty. The unusual nature of the disposition to the defendant and his wife in disregard of the natural objects of his bounty was itself some evidence tending to show that the testator lacked testamentary capacity. *Maroncelli* v. *Starkweather*, 104 Conn. 419, 426, 133 A. 209; *Crandall's Appeal*, 63 Conn. 365, 28 A. 531. Moreover, substantial evidence was presented from which the jury could have found that the decedent was suffering from insane delusions and that those delusions influenced the making of the will.[1] The question of testamentary capacity,

---

[1] There was testimony that the testator believed that one of his closest and most intimate friends had gone through his belongings in search of bankbooks when he had been ill, and that another close friend had borrowed $6000 from him which had not been repaid. There was evidence that those beliefs were false, that a reasonable man could not have held them under the circumstances, and that they influenced the making of the will.

therefore, was appropriately submitted to the jury, and the court's charge on that issue was correct in law and well adapted to the facts of the case.

There is no error.

In this opinion LOISELLE and BARBER, Js., concurred.

COTTER, J. (dissenting). I cannot agree that the case was properly before the jury. Section 52-215 of the General Statutes expressly provides that in order for a party to obtain a jury trial, he must claim his case for the jury docket within 10 days after an issue of fact is joined. Thereafter, a case may be placed on the jury docket only by consent of the parties or by *order of the court*.

Neither condition was met in the instant case. The plaintiffs claimed the case for the jury list more than 27 months after the close of the pleadings, the court at no time ordered the case placed on the jury docket, and thus the clerk acted without statutory authority when, on his own initiative, he improperly entered the case on the jury docket.

The facts are clear and uncontroverted that the plaintiffs did not comply with the statutory time frame. Thereafter, the ruling on the motion to strike presented a question of fact for the trial court. *Krupa* v. *Farmington River Power Co.*, 147 Conn. 153, 156, 157 A.2d 914. We have no facts in the record to explain or excuse the delay of the plaintiffs, who were derelict in failing to comply with the statute, and thus there are no facts in the record to support or test the action of the trial court in denying the motion. Under the circumstances, whether the court acted in the exercise of its discretion is impossible to determine, and the reasons for the plaintiffs' dereliction must remain a mystery.

Statutes such as General Statutes § 52-215 "are intended to be so framed that a party who does not comply with the rules may justly be held to have voluntarily relinquished his right to a jury trial." *Noren* v. *Wood,* 72 Conn. 96, 98, 43 A. 649; cf. *Nowey* v. *Kravitz,* 133 Conn. 394, 396, 51 A.2d 495; *Leahey* v. *Heasley,* 127 Conn. 332, 16 A.2d 609. The reason for this rule is that while the right of a party to claim a jury trial is secured by the Connecticut constitution, article first, section 19, the right to prefer a trial to the court is "equally secured, under certain circumstances," by § 52-215, "under which a waiver of a jury may be implied, and when implied is irrevocable, although it may be in effect vacated by order of the court." *Fuller* v. *Johnson,* 80 Conn. 493, 495, 68 A. 977; see also *Bristol* v. *Pitchard,* 81 Conn. 451, 453, 71 A. 558.

The majority opinion states that the court's decision on the motion to strike had the same effect as the granting of a motion to place the case on the docket and that for the court to have required a specific motion by the plaintiffs "would have been inappropriate. The case was already there." This reasoning is unpersuasive because it ignores the fact that the clerk entered the case on the docket erroneously and without any authority and because it sanctions the back-door approach employed by the plaintiffs, which is contrary to the structure and clear intention of the statute. Section 52-215 imposes the burden of claiming a jury trial on the party who desires one, and a litigant who has completely flouted the statute is not entitled to claim this right with the same facility as one who has complied with the rules. Thus, the plaintiffs should have first filed a motion to place the case on the jury docket. Simply claiming the case to the jury

docket, as the majority decides the issue, improperly shifted onto the defendant not only the onus of filing a motion, but also the burden of proof on the issue of whether the case should be on the jury docket. Since the case had not been properly claimed for that docket, the defendant, after 27 months had elapsed, was eminently justified in believing that his case would be tried to the court.

Even in these iconoclastic days, orderly administration of justice is impossible without minimal adherence to statutory mandates, *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213, which require "that reasonable notice be given of the intention of a party to avail himself of his right, in a civil case, to put his case before a jury. Without such notice the reference of matters to juries might well become so disordered as to make the right unavailable or ineffective as to any litigant." *Muzzy* v. *Curtis,* 127 Vt. 516, 517, 253 A.2d 149.

I would find error, set aside the judgment, and remand the case for a new trial to the court.

In this opinion, HOUSE, C. J., concurred.