[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Louis Drzal is the son of John Drzal, who died testate on July 31, 1988. The defendant Catherine Buczek is the daughter of John Drzal, and the executor of his estate. The plaintiff alleges that in 1953, he and his father entered into an agreement whereby the plaintiff would stay in New Milford to work and devote his time to operating and managing the family farm, owned by his father, the decedent, and his father would convey the entire farm to the plaintiff by will at the time of his death. The plaintiff also alleges that in 1984, the decedent executed a will which leaves 80% of the farm to individuals other than the plaintiff, without notifying the plaintiff who had continued to abide by the 1953 agreement. The plaintiff's complaint seeks specific performance of the transfer of the farm to him, in the alternative money damages, and that the court declare that the estate of the decedent hold the real property consisting of the farm in constructive trust for the benefit of the plaintiff.
On June 18, 1990, the defendant filed an answer denying that any agreement existed between the plaintiff and the decedent. The defendant has also filed a counterclaim alleging that she and the plaintiff CT Page 4936 entered into an agreement, one of the terms of which was that the plaintiff be required to keep an accounting of the farm operation while operating the farm after, John Drzol's death. The defendant's counterclaim seeks an accounting of all monies received from the operation of the farm and money damages.
After the pleadings were closed, the plaintiff claimed this matter to the jury docket. The defendant has now filed a motion to strike the case from the jury docket. A party may move that a case be stricken from the jury docket by a motion to strike. See Falk v. Schuster, 171 Conn. 5,7 (1976). The right to a jury trial in civil actions is guaranteed by both the United States and the Connecticut Constitutions. U.S. Const. Amend. VII; Conn. Const. Art. I, 19, see also Conn. Gen. Stat.52-215. [I]n determining whether a party has a right to a trial by jury under the state constitution and 52-215, the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly." Skinner v Angliker, 211 Conn. 370, 376-377 (1989). Equitable actions, however, are "not within the constitutional guarantee of trial by jury." Id. at 374.
"When legal and equitable issues are combined in a single action, whether the right to a jury attaches depends on the relative importance of the two types of claims." Motor Vehicle Manufacturer's Assn v. O'Neill, II, 212 Conn. 83, 92 (1984); see also Conn. Practice Bk. 308 "Where the essential right asserted is equitable in nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete, the whole action is one in equity and there is no right to a jury trial." Dick v. Dick, 167 Conn. 210,220 (1974).
"Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action at law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed. . .and where the controlling issue is based upon a claimed legal title to real estate and that is contested, equity will not ordinarily adjudicate the issue but will leave the question of title to be determined as an issue at law, and such an issue is of right triable by jury." Franchi v. Farmholme, Inc., 191 Conn. 201, 211
(1983) (citations omitted),
"[T]he true test of a right to a jury trial is whether the cause of action stated (rather than merely the relief claimed) is essentially equitable. Under our law the form of relief demanded makes little difference on the question of whether a case is entitled to a jury trial." CT Page 4937 Id. at 211 (citations omitted).
Here the plaintiffs' complaint seeks equitable relief, however, the plaintiff's cause of action is based upon the contested title to a parcel of real estate. Accordingly, the defendant's motion to strike this case from the jury docket should be and is denied.
Alternatively, the court may also order an issue of fact in an equitable action tried to the jury. Here the plaintiff is seeking a determination by the jury whether such an alleged agreement existed. The court will grant him such a hearing before a jury.
The counterclaim is an independent action for purposes of determining whether a right to a jury trial attaches. United States Trust Co. v. Bohart, 197 Conn. 34, 45 (1985). The defendant's counterclaim seeks an accounting of all monies received from the operation of the farm and money damages. "Although an accounting is. . .a legal remedy, it `has become to a great extent equitable'. . .particularly where it is used as a preliminary step in establishing other rights. . ." Dick,167 Conn. at 222. Section 52-215 of the General Statutes also explicitly requires a court trial for such an accounting claim.
Accordingly, the defendant's motion to strike from the jury docket is granted as to the counterclaim only.
McDONALD, J.