[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4036
On April 13, 1992, the plaintiff, James E. McMurray Enterprises, Inc., filed a foreclosure complaint against the defendants, Philip Hamon and Christina Hamon, and on June 29, 1992, the defendants filed an answer, four special defenses, and a two-count counterclaim. In the first special defense, the defendants allege that the mortgage sought to be foreclosed was given in part for the purchase price of the premises, and in part for the construction by the plaintiff of improvements upon the premises, in accordance with certain specifications; however, the plaintiff failed to complete the improvements in accordance with the specifications and therefore is barred from recovery. In the second special defense, the defendants allege that there is a failure of consideration for the mortgage note in that a significant portion of the principal claimed due under the note was paid by another individual who was obligated to Philip Hamon. In the third special defense, the defendants allege that the mortgage note was executed under duress and with inappropriate advice of counsel, who operated under an apparent conflict of interest in representing both the plaintiff and the defendants. In the last special defense, the defendants allege that the parties agreed to a settlement of the disputes, and the plaintiff reneged upon the agreement.
In the first count of the counterclaim, the defendants allege that the plaintiff and defendants entered into a contract whereby the plaintiff agreed to construct a single family residence in accordance with certain specifications; however, the plaintiff failed to construct the residence in accordance with the specifications and failed to construct the residence in a workmanlike manner. In the second count, the defendants allege that the plaintiff obtained a note from the defendant in the amount of $113,224.00, of which $75,000.00 was owed to the plaintiff by Pat Corrigan, a former business partner of the defendant, Philip Hamon. However, the plaintiff, through its counsel, effectively transformed, by the expedient of the note, an unsecured obligation of Pat Corrigan to the plaintiff into a secured obligation of the defendants to the plaintiff. As a result of these actions which the defendants allege are unfair and deceptive trade practices in violation of General Statutes, CT Page 4037 Sec. 42-110 (CUTPA), the plaintiff effectively eliminated possible counterclaims and setoffs against the obligation claimed by Pat Corrigan. Finally, in the prayer for relief, the defendants claim money damages, interest, costs, attorney's fees, punitive damages and attorney's fees pursuant to General Statutes, Sec. 42-110 et seq., and such other relief as law or equity may appertain.
On August 4, 1992, the defendants claimed the case for the jury docket of six, and on December 28, 1992, the plaintiff filed a motion to strike the case from the jury list, accompanied by a memorandum of law. In the memorandum of law, the plaintiff argues that the plaintiff's foreclosure action is purely equitable and the defendants' filing of special defenses and counterclaims does not convert the action to one at law.
On December 29, 1992, the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike from the jury docket. In the memorandum of law, the defendants argue that the counterclaims are not essentially equitable; therefore, the defendants have the right to have a jury decide the legal issues.
A party can move that a case be stricken from the jury docket by a motion to strike. Falk v. Schuster, 171 Conn. 5,7, 368 A.2d 40 (1976). "`[W]here the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete, the whole action is one in equity and there is no right to a jury trial.'" (Citation omitted.) Savings Bank of New London v. Santaniello, 130 Conn. 206,210, 33 A.2d 126 (1943). "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175,491 A.2d 1084 (1985), cert. denied, 474 U.S. 920,106 S.Ct. 250 (1985). However,
 `[w]hen legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. `Where incidental issues of fact are presented in an action essentially CT Page 4038 equitable, the court may determine them without a jury in the exercise of its equitable powers. [Citations omitted.]' To determine whether the action is essentially legal or essentially equitable, we must examine the pleadings in their entirety.
Texaco, Inc. v. Golart, 206 Conn. 454, 459, 538 A.2d 1017
(1988). "Because a counterclaim is an independent action; [citation omitted]; the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable. [Citations omitted.] This analysis must be performed in the context of the pleadings when read as a whole. [Citation omitted.] The form of the relief demanded is not dispositive." (Citation omitted.) (Emphasis added.) United States Trust Co. v. Bohart, 197 Conn. 34, 45,495 A.2d 1034 (1985).
In the present case, the defendants assert four special defenses and two counterclaims. In the first count of the counterclaim, the defendants allege a legal cause of action, a claim for breach of contract; however, the defendants' first special defense also asserts that the plaintiff is barred from recovering on the note because the plaintiff failed to complete the improvements in accordance with certain specifications. Therefore, even though the first count of the counterclaim is a legal cause of action, it is substantially identical to the first special defense, and is essentially a challenge to the plaintiff's foreclosure action, which is equitable in nature, and an attempt to reduce the amount of the debt. See United States Trust Co. v. Bohart, supra, (where the court upheld the denial of a jury trial because the plaintiff's counterclaim for mismanagement of funds was, in essence, a challenge to a proposed trust account, which was equitable in nature). Similarly, the second count of the counterclaim, which seeks recovery for alleged unfair and deceptive trade practices in the procurement of the mortgage note, is substantially identical to the third special defense, which seeks to invalidate the mortgage note due to duress and a conflict of interest. Accordingly, the defendants' responsive pleading, which contains the four special defenses and the counterclaims, when viewed in its entirety, is essentially equitable in nature; therefore, plaintiff's motion to strike this case from the jury docket is granted. CT Page 4039
West, J.