[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 29, 1990, the plaintiff Union Trust Company brought this foreclosure action against the defendant Chaudhary Ramzan. On April 19, 1993, the defendant filed an answer, special defenses and a counterclaim alleging that the plaintiff and the plaintiff's employees conspired with the prior owners of the property, the defendants Ahmed Roble and James Hsiao, to induce the defendant to purchase the property at a highly inflated price in order to generate bank fees and points. The counterclaim seeks monetary damages and any other relief such as the court deems fair and equitable. On September 7, 1993 the defendant claimed the case for the jury docket.
On September 30, 1993, the plaintiff moved to strike the case from the jury docket, arguing that a foreclosure action is equitable and therefore there is no right for a jury trial.
A party may move to strike a case from the jury docket by a motion to strike. See Falk v. Schuster, 171 Conn. 5, 7, 368 A.2d 40
(1976). Under the Connecticut constitution, article first, 19, a party is guaranteed a right to a trial by jury, except in cases that, prior to 1818, were not triable by jury. Skinner v. Angliker, 211 Conn. 370, 374, 559 A.2d 701 (1989). "Equitable actions, therefore, are not within the constitutional guarantee of trial by jury." Id.; Texaco, Inc. v. Golart, 206 Conn. 454, 458,538 A.2d 1017 (1988).
 When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issue of fact are presented in an CT Page 9276 action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. . . . To determine whether the action is essentially legal or essentially equitable, [the court] must examine the pleadings in their entirety.
(Citations omitted; internal quotation marks omitted.) Texaco, Inc. v. Golart, supra, 459.
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker,196 Conn. 172, 175, 491 A.2d 1084 (1985), cert. denied, 474 U.S. 920
(1985). A defendant cannot convert a foreclosure action into a legal cause of action requiring a jury trial by asserting special defenses or counterclaims which are legal in nature. Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 133 A.2d 126
(1943); see also Tilcon v. Commercial Associates, 570 A.2d 1102
(R.I. 1990).
The defendant in his memorandum in opposition to the motion to strike argues that the counterclaim, in which he alleges a violation of CUTPA, presents a legal claim triable by jury. The counterclaim, however, alleges that the plaintiff conspired with the defendants Roble and Hsiao to fraudulently induce the defendant into purchasing the property and undertaking the mortgage. The action before the court is an action to foreclose a mortgage used to secure a guarantee on money loaned to the defendant for the purchase of the subject property, and as such the action is equitable in nature. Hartford Federal Savings Loan Assoc. v. Tucker, supra, 175. The counterclaims are legal claims challenging the mortgage, and as such the claims are ancillary to the foreclosure action. See CBS Financial Corp. v. Levy,3 Conn. L. Rptr. 654, 655 (April 25, 1991, Ryan, J.) (counterclaims in foreclosure action alleging CUTPA violation arising from the execution of mortgage were ancillary to foreclosure action).
This court had previously held that the defendant in a foreclosure action had a right to have a counterclaim alleging a violation of CUTPA heard by a jury. See The Dime Savings Bank of New York, FSB v. D'Agostino, 7 Conn. L. Rptr. 133 (July 20, 1992, Celotto, J.) The majority of the superior court cases, however, have held that there is no right to a jury trial in a foreclosure CT Page 9277 action, even though the special defenses and counterclaims raise legal issues, such as CUTPA. See, e.g., People's Bank v. Podd,10 Conn. L. Rptr. 83 (October 25, 1993, Leheny, J.); Continental Bank v. Willard Square, 8 CSCR 513 (April 23, 1993, Aurigemma, J.); 669 Atlantic Street Associates v. Atlantic-Rockwin Stamford Associates,4 Conn. L. Rptr. 42 (May 7, 1991, Lewis, J.); CBS Financial Corp. v[.] Levy, 3 Conn. L. Rptr. 503 (April 25, 1991 Ryan, J.); Connecticut National Bank v. 1234 Summer Street Limited Partnership, 3 Conn. L. Rptr. 33 (December 18, 1990, Lewis J.); The Connecticut Bank Trust Co. v. Trolley Barn Corp.,2 Conn. L. Rptr. 298 (September 12, 1990, Walsh J.); Hebron Road Assoc. v. Alvord Assoc., 4 CSCR 846 (October 8, 1989, Mack, J.); Gorbach Properties, Inc. v. Guilmette, 4 CSCR 430 (May 3, 1989, Kulawiz, J.); see also BancBoston Mortgage Corp. v. Mead, Superior Court, judicial district of Tolland at Rockville, Docket No. 250094 (February 8, 1993). Therefore, this court now follows the majority and hold that there is no right to a jury trial in a foreclosure action, even though the special defenses and counterclaims raise legal issues, such as CUTPA. Therefore, because the defendant's counterclaims are ancillary to the foreclose action, the plaintiff's motion to strike is granted.
Donald W. Celotto, Judge