[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE FROM JURY LIST
Plaintiff moves to strike this case from the Jury list on the ground that it was not filed by Defendant within ten days after the issues of fact were joined as required by General Statutes § 52-215. It is not disputed that a Reply closing the pleadings, was filed by Plaintiff on May 27, 1994 and that Defendant's claim for Jury was not filed until June 17, 1994. Defendant claims that the case was previously claimed for the Jury by the Plaintiff but unbeknownst to the Defendant the filing was not accepted by the Clerk's office because the claim was not accompanied by the required $250 fee. It appears from the record that on June 6, 1994 Plaintiff filed a claim for trial list with the box "Hearing in Damages" marked which Defendant claims, when it was subsequently received, first alerted him to a possible problem with the Plaintiff's earlier Jury claim.
The fundamental constitutional right to a jury trial should be liberally construed in a manner that would afford such a right for issues of fact in a legal action. Canningv. Lensink, 6 CSCR 648 (June 7, 1991, Berdon, J.). Our Supreme Court has ruled that this court has discretion to order a case be placed on the jury list after the time for claiming to the jury has elapsed. Falk v. Schuster,171 Conn. 5, 8, (1976). See New England Bank and Trust v.Culotta, Superior Court, Judicial District of Hartford-New Britain at Hartford, Number 386357 (September 20, 1991), CT Page 8315 Satter, STR). See also Barcello v. O'Connell, 1 CSCR 469
(July 1, 1986, Cioffi, J.).
In this case it appears that Defendant was justifiably confused when he first received a copy of Plaintiff's claim for jury and made his claim within a reasonable time after being alerted that Plaintiff's claim for jury had not been actually filed in court.
Motion to Strike from Jury List Denied.
Wagner, J.