[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE CLAIM FOR JURY (#140)
This case presents the issue of whether the trial court has discretion to allow a case to be entered on the jury docket when the claim to the jury list is filed outside of the time limits established by Conn. Gen. Stat. § 52-215. I conclude that the court does have such discretion.
It is conceded that the plaintiff, Wanda Scandura, filed her claim to the jury list in an untimely fashion. The defendant has moved to strike her claim. At the hearing on the motion, the plaintiff's attorney presented a plea, based on certain mishaps that need not be recounted here, for the exercise of judicial discretion in allowing the claim to stand. The defendant did not dispute the existence of extenuating circumstances, but argued CT Page 8634 that the court has no discretion in this matter.
This is a civil action involving an issue of fact cognizable by a jury. Section 52-215 provides that when an issue of fact is joined in such a case, the case may be claimed to the jury docket within ten days. The same statute further provides that "any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent by all parties or by order ofcourt." (Emphasis added.) It is thus clear that a case may be entered on the jury docket by one of three mechanisms: (1) timely filing of a claim by any party, (2) written consent by all parties, or (3) order of the court. Our Supreme Court has held that the trial court does indeed have discretion to implement this third alternative. Falk v. Schuster, 171 Conn. 5, 8,368 A.2d 40 (1976). An exercise of that discretion to allow a belated claim to the jury is called for here.
The defendant's motion to strike the claim for the jury is denied.
Jon C. Blue, Judge of the Superior Court