[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE JURY TRIAL CLAIM
CT Page 2801
This case presents the issue of whether the trial court has the discretion to allow a claim to be entered on the jury docket when the claim to the jury list is filed beyond the time limits prescribed by General Statutes § 52-212. This court concludes that it has such discretion.
The motion to strike is the proper method by which to strike a claim from the jury docket. see Practice Book § 282;Associated Investment Co. v. Williams Associates, 230 Conn. 148,153, 645 A.2d 505 (1994); Gaudio v. Gaudio, 23 Conn. App. 287,303, 580 A.2d 1212 (1990).
General Statutes § 52-215 establishes two periods of time within which an issue proper for trial by jury may be entered in the jury docket: (1) within thirty days after the return date; and (2) within ten days after an issue of fact is joined. It is undisputed that the plaintiff has failed to file her claim for the jury list within these time limits. The defendant has moved to strike plaintiff's claim for the jury docket, arguing that this court has no discretion in this matter.
This is a civil action involving an issue of fact which is properly decided by a jury. Section 52-215 provides that when an issue of fact is joined in such a case, the case may be claimed to the jury docket within ten days. The same statute further provides that "any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of the court." (Emphasis added.) Consistent with this plain language, the Connecticut Supreme Court has held that the trial court has the discretion to allow a late claim for the jury docket. Falk v. Schuster, 171 Conn. 5,8, 368 A.2d 40 (1976).
This court elects to exercise its discretion in this matter and to allow the plaintiff's claim to be entered on the jury docket. The defendant's motion to strike is therefore denied.
KULAWIZ, J.