[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's motion to strike this case from the jury docket was filed on November 20, 1997 and appeared on the short calendar on December 8, 1997. It was granted by me on December 10, 1997. Prior to my acting on the defendant's motion, on December 5, 1997, the plaintiff had filed an objection to it, but that objection did not appear on the short calendar until January 20, 1998. Therefore, my order of December 10, 1997 is vacated.
This case had been claimed for the jury list on August 8, 1994. There is no dispute about that. Nor does there appear to be any question that the claim should have been filed by no later than July 21, 1994. So, the claim was filed 18 days late, over three years ago. In these circumstances should I exercise my undoubted discretion to allow the case to proceed as a jury case? Falk v. Schuster, 171 Conn. 5, 8 (1976). Accord: Scandurav. Friendly Ice Cream Corp. , 14 CONN. L. RPTR. 548 (Superior Court, 1995).
I believe that I should. In the defendant's motion to strike no mention is made of prejudice arising from its claimed ignorance or the plaintiff's claim for a jury trial, and I can imagine none. Where cases are properly triable by a jury they should be so tried even though there has been a marginally untimely claim, as in this case.
Accordingly, the defendant's motion to strike the case from the jury docket is denied.
BY THE COURT
Shortall, Judge
CT Page 1692