[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (MOTION TO STRIKE #120)
On June 2, 1999, the defendant filed a Claim to Jury Docket and a Certificate of Closed Pleadings. At said time the plaintiff had not filed an Answer to the defendant's Special Defenses. On June 4, 1999, the plaintiff filed a Motion to Strike the defendant's Special Defenses and the defendant filed her Objections. Those issues were resolved in court on July 6, 1999, and on August 23,. 1999 the plaintiff filed her Reply to the defendant's remaining Special Defense, thereby closing the pleadings. The plaintiff also on August 23, 19999 filed a Certificate of Closed Pleadings and a Claim for Courtside Docket. CT Page 12994 Subsequently, the court Clerk's Office notified plaintiff's counsel that she must make a Motion to Strike From the Jury List
before she could file a Claim for the Courtside Docket.
The issue presented to the court is whether or not the defendant's Certificate of Closed Pleadings and Claim to the Jury List were untimely filed pursuant to Connecticut General Statutes
§ 52-215 and Connecticut General Statutes § 14-10
(Revision of 1998); and if so, should the Jury Trial Claim List be stricken.
Connecticut General Statutes § 52-215 states in part that "when, in any of the above — named cases an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk." Connecticut Practice Book
§ 14-10 states: "All claims of cases for the jury shall be made in writing, served on all other parties and filed with the clerk within the time allowed by General Statutes § 52-215. The jury claim fee shall be paid at the time the jury claim is filed."
The defendant's counsel concedes that he failed to file a Certificate of Closed Pleadings "within ten days after issues of fact are joined," pursuant to Connecticut General Statutes §52-215, but also argues that his premature filing of a Claim for the Jury List will not cause undue delay in the proceedings, and will not prejudice the plaintiff's position.
The defendant's Memorandum of Law is replete with cases citing the court's discretion to allow Claims to the Jury List filed late, or in an untimely fashion. Folks v. Schuster,171 Conn. 5, 8 91976); Jaynes v. Yale New Haven Hospital, CV-0119661 (J.D. Waterbury at Waterbury) (March 22, 1996, Kulawiz, J.);Loungee v. Tanner, CV-0523840 (J.D. of New London at New London) (January 20, 1995, Hurley, J.); Tirkot co., Inc. v. Weinter,
CV-92-0518873-S (J.D. of Hartford/New Britain at Hartford) (October 1, 1993, Corradino, J.). While these cases do not address a premature filing for the Jury Claim. List by a party, they provide insight into the court's discretion.
The court finds that in reviewing the record of proceedings, and the reasons for the filing of the premature Jury Claim, there is a "reasonable factual predicate for exercising the court's discretionary authority" to allow the instant case to remain on CT Page 12995 the Jury List. Loungee v. Tanner, supra. The court finds that no substantial prejudice or harm will result to the plaintiff from allowing this matter to remain claimed as a jury matter. Indeed, a more substantial prejudice or injustice would result to the defendant, if the defendant was to be barred from a trial before a jury, solely because of counsel's over-eagerness to claim her matter for the Jury List.
The matter had not been assigned for a trial, and no undue delay would result from the premature Jury Claim by the defendant.
Accordingly, the Motion to Strike is denied.
The Court
By
Arnold, J.