[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM THE JURY LIST
FACTS
The plaintiff initiated this trip and fall personal injury action by CT Page 8339 complaint dated August 23, 2000. On November 11, 2000 the defendant filed its answer thereby joining the issues of fact. The plaintiff filed a claim for the jury list on February 15, 2001, more than three months after the pleadings had been closed.
The defendant has moved to strike the plaintiff's claim for the jury list, claiming that it is untimely in violation of Connecticut General Statute § 52-215.[1]
Connecticut General Statutes § 52-215 provides in pertinent part that jury cases may be put on the jury docket upon written request of either party "made to the clerk within thirty days after the return day" or when the issue of fact has been joined "the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party. . . ." The Statute further provides that such case may be entered in the docket as a jury case "upon written consent of all parties or by order of the court."
In addition, Connecticut General Statute § 51-239b provides "in civil actions a jury shall be deemed waived unless requested by either party in accordance with the provisions of Section 52-215."
Appellate authority in Connecticut generally supports the proposition that the windows for jury claim provided in § 52-215 are mandatory. There is one appellate case, Falk v. Schuster, 171 Conn. 5 (1976), in which the Supreme Court affirmed a trial court decision allowing a case to be tried by a jury when a claim was untimely. The majority in Falk do not explain in any detail why the trial judge had discretion. In addition, there is a stinging dissent in Falk in which Justice Carter pointed out the decision was contrary to statute and prior decisions of the court.
Two Superior Court cases have relied on Falk to find discretion in the trial judge to allow untimely jury claims. Those cases are Dietz v. YaleNew Haven Hospital, CV94-0368317-S, 22 clr 358, 1998, ct. sup. 1758 (Silbert, J. June 22, 1998). And Fletcher v. The Mead School, 201 Conn. super lexus 78 (Tierny J.). Dietz relies on Falk in interpreting §52-215 as giving discretion to the trial judge. Fletcher in turn relies largely on the analysis in Dietz as well as Falk at arriving at the same conclusion.
In Dietz Judge Silbert wrote:
"A party that neglects to file its jury claim in a timely fashion does so at its peril. The ten day rule is clear and straight forward. In most cases it should CT Page 8340 be . . . and has been . . . strictly enforced. In rare and unusual circumstances, however, a court may look at the possibility of prejudice to the parties, as well as the stated reasons for the delay in filing the claim for a jury trial."
In Dietz there was a seven day delay in filing, the court found that prejudice to the defendant had been shown and that there had been discussions of jury claims between the parties within the period during which a claim could have been filed. It should also be noted that Judge Silbert wrote:
 "In reaching this conclusion, [that untimely claims could be allowed] however, this court specifically does not give weight to the plaintiff's argument that hers is a serious high stakes medical malpractice case. The right to a jury trial is intrinsically no more precious to this plaintiff than it is to the parties in a routine fender-bender."
This court need not decide whether it chooses to follow Dietz orFletcher. In the opinion in Dietz, Judge Silbert sets forth certain criteria to be examined before discretion should be exercised. Assuming for the sake of argument that such discretion in fact exists, the court finds that Judge Silbert's criteria are not met in the instant case. InDietz the delay was seven days, in the present case the delay was more than three months. In Dietz the delay was somewhat occasioned by the fact that after an amended answer was filed the parties discussed whether additional amendments or revisions would be needed or required. Plaintiff claimed that she filed her claim as soon as those discussions ended. Those discussions were conducted at a time when a timely claim could have been filed. In the present case the plaintiff claims only that after the time for filing a jury claim expired, plaintiff essentially asked for consent to the filing of a claim. There is no indication that there was a discussion of filing a claim within the period within which such a claim would be timely. The third factor considered by Judge Silbert in Dietz
was prejudice to the defendant. In Dietz the court found a minimal delay of a few days which caused no prejudice. In the instant case there was a rather lengthy delay and the defendant claims to have proceeded on the assumption during the period of delay that the case would be tried as a court side case. Neither the plaintiff nor the defendant makes a convincing argument that either would be prejudiced in any unusual way by the court granting or denying the motion to strike from the jury list.
Without deciding the validity of Dietz, this court finds that the conditions precedent to the exercise of discretion set forth in Dietz are CT Page 8341 not met in the instant case. The matter is ordered stricken from the jury list.
By the Court,
Kevin E. Booth Judge of the Superior Court